MARGARET A. CROWDIS, administratrix, *vs.* GEORGE B. HAYWARD
& others, administrators.

Middlesex.    March 10, 1919. — July 9, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Bills and Notes*, Consideration.    *Practice, Civil*, Exceptions, New trial.

At the trial of an issue submitted to the Superior Court upon an appeal by an administratrix from an adverse decree of the Probate Court upon her petition for the allowance of a claim by her, personally, as a creditor against the estate upon a promissory note of the intestate payable to his father and indorsed by the father to the petitioner, the issue being, whether the intestate was indebted to the petitioner upon the note, the petitioner, who had been a member of the household with the father and the son for thirty-two years, first as companion for the mother, then, after her death, as housekeeper for the father and the intestate, and, after the death of the father, as housekeeper for the intestate until his death, testified that the note was signed by the intestate and by the father, that she was present when the note was made and delivered to the father by the intestate, but did not know anything about the consideration for the note and did not know why it was given; that the father and the intestate were talking at the time, but she did not recall the conversation. There was evidence that the intestate had stated that the note did not belong to the petitioner, that "She never saw the note and knows nothing about it," and that it was made for the special convenience of him and his father, and that he was insolvent when the note was made and continued so until his death. *Held*, that the issue was for the jury, and that the judge could not rightly order it answered in the negative.

At the trial above described, the judge, without objection by either party, submitted to the jury a special question as to whether there was a consideration for the note as between father and son, which the jury answered in the affirmative. *Held*, that it was not open to the respondents to contend that the petitioner was not a holder in due course because she knew that there was no consideration between the father and son, and that, in view of the answer of the jury to the special question, such a contention was immaterial.

At the same trial there was evidence tending to show that the consideration for the indorsement of the note to the petitioner was a promise to remain with the father so long as he lived, and the judge charged the jury, subject to an exception by the respondents, "A promise to remain with the family as long as . . . [the father] . . . should live would be sufficient consideration to make the note good in her hands, even though it had been made to . . . [the father] . . . without any consideration, unless . . . [the petitioner] . . . knew that the note was originally made without consideration." *Held*, that the special finding of the jury that there was a consideration for the note as between father and son rendered the exception to the instruction immaterial.

The denial of a motion for a new trial that has reference only to questions of law which might have been raised at the trial is wholly within the discretion of the judge.

APPEAL by the administratrix of the estate of Frank E. Chandler, late of Medford, from so much of the decree of the Probate Court for the county of Middlesex, upon a petition by her for the allowance of certain claims made by her personally against the estate, as disallowed a claim upon a promissory note of Frank E. Chandler, the intestate, payable to Joseph C. Chandler and indorsed by Joseph C. Chandler to the petitioner, for $25,000 and interest, and a claim, in the sum of $7,944, upon an account annexed for money lent, services as housekeeper and services as treasurer and general manager of a milk business.

Issues were framed for trial in the Superior Court as follows:

"1. Is the estate of Frank E. Chandler indebted to Margaret A. Crowdis upon the promissory note for $25,000.00 dated June 1, 1895. . . . and if so, for how much?"

"2. Is the estate of Frank E. Chandler indebted to Margaret A. Crowdis upon the account annexed . . . and if so, for how much?"

The issues were tried in the Superior Court before *Hitchcock*, J. The material evidence is described in the opinion. At the close of the evidence the respondents moved that the jury be ordered to answer both issues in the negative. The motions were denied. Special questions submitted to the jury in connection with the first issue, certain instructions of the judge to the jury excepted to by the respondents, and the answers of the jury to the special questions and to the issues, are described in the opinion. The respondents alleged exceptions.

*H. D. McLellan*, (*C. L. Lovejoy* with him,) for the respondents.

*O. Storer*, for the petitioner.

CARROLL, J. This is a petition by the administratrix of the insolvent estate of Frank E. Chandler, for the allowance of a claim on an account annexed, and a claim upon a negotiable note of the intestate dated June 1, 1895, payable to his father, Joseph C. Chandler, and by him indorsed to the petitioner November 11, 1896. Two issues were framed in this court for the jury. These issues were sent for trial to the Superior Court where the jury

found that the estate of Frank E. Chandler was indebted to the petitioner upon the account annexed, and that the estate was indebted on the promissory note in the sum of $38,083.33. In connection with the first issue the judge of the Superior Court submitted to the jury the following questions: "Was there any consideration for the note as between Joseph C. Chandler and Frank E. Chandler?" and "Was there any payment of interest made to petitioner, Crowdis, upon the note, by Frank E. Chandler, at any time within six years prior to June 30, 1913?" Both questions were answered in the affirmative. The judge refused to direct the jury to answer in the negative to the two issues framed in the Supreme Judicial Court. No exception was taken to the reference to the jury of the questions submitted by the Superior Court.

The respondents argue that the judge should have directed the jury to find that the estate was not indebted to the petitioner upon the note, because, between the father and son, the note was not based on a sufficient consideration and the petitioner was not a holder in due course.

The petitioner became a companion for Mrs. Joseph C. Chandler in 1881. Mrs. Chandler died in 1888. From that time the petitioner had full charge of the home, — "hired the help, . . . did the ordering" and collected the rents. Joseph C. Chandler, the father, died in 1905, and Frank E. Chandler continued to live in the household, having lived there since 1881 until June 30, 1913, when he died. The petitioner testified that the note was signed by the maker and indorser; that she was present when the note was made and delivered to Joseph C. Chandler by the maker, but did not know anything about the consideration for the note and did not know why it was given to Joseph C. Chandler; that the father and son were talking at the time, but she did not recall the conversation. There was no further direct evidence bearing upon the consideration between the maker and the payee. There was evidence from one witness that Frank E. Chandler said to her that the note did not belong to Miss Crowdis, the petitioner; that "'She never saw the note and knows nothing about it. . . . At the time it was made, it was made for a special purpose to suit our convenience,' meaning himself and his father."·

It was a question of fact whether the note was issued for a

consideration, and the judge could not grant the respondents' motion and direct the jury to find the issue in the negative. The note must be deemed *prima facie* to have been for a valuable consideration. *Burnham* v. *Allen*, 1 Gray, 496. *Black River Savings Bank* v. *Edwards*, 10 Gray, 387. The production of the note duly indorsed to the petitioner was some evidence in her behalf. A *prima facie* case was made out, *Huntington* v. *Shute*, 180 Mass. 371, and it could not be ruled that as matter of law the note was without consideration and that the estate was not indebted to the petitioner upon the note.

*Mason* v. *Gardner*, 186 Mass. 515, was an action of contract upon two promissory notes; a ruling directing a verdict for the defendant was upheld. All the material facts were shown. The plaintiff put in evidence the circumstances showing all that was said and done by the promisor in relation to the making of the notes and their custody down to and after her death. It was held upon examination of the whole case, that there was no substantial evidence that the instruments were made upon a valuable consideration and no substantial evidence that they were delivered by the promisor in her lifetime. In the case at bar the facts connected with the making and delivery of the instrument and the consideration moving between the parties are not disclosed; and where all the circumstances do not appear, upon undisputed evidence, it could not be ruled that as matter of law the note was without consideration. See, in this connection, *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 378, 379; *Mercier* v. *Union Street Railway*, 230 Mass. 397, 404.

The declarations of the maker as to his reasons for giving the note to his father, and the fact that he was insolvent in 1895, when the note was made, and continued so until his death, are insufficient to permit the granting of the respondents' motion. There is nothing in *Krell* v. *Codman*, 154 Mass. 454, in conflict with what is here decided.

The respondents contend that the petitioner was not a holder in due course; that she knew there was no consideration for the note between the maker and the payee, and she did not take the note for value. This question is not open to the respondents and in view of the findings of the jury, it becomes immaterial.

The respondents excepted to that part of the charge where the

judge said: "A promise to remain with the family as long as Joseph C. Chandler should live would be sufficient consideration to make the note good in her hands, even though it had been made to Joseph C. Chandler without any consideration, unless Miss Crowdis knew that the note was originally made without consideration." The jury in answering the questions submitted to them did not pass on the issue raised by this exception; and in view of their express finding that between Joseph C. Chandler and Frank E. Chandler there was a consideration for the note, the exception is now immaterial even if there were an error of law in the statement excepted to, which we do not mean to intimate.

There was no error in denying the respondents' motion for a new trial. The motion had reference to questions of law which might have been raised during the trial. See *Commonwealth* v. *Morrison*, 134 Mass. 189; *Loveland* v. *Rand*, 200 Mass. 142.

The exceptions taken to the admission of the evidence and the refusal to direct the jury to answer the second issue in the negative have not been argued, and we treat them as waived.

*Exceptions overruled.*