COMMONWEALTH *vs.* ALBERT P. PEACH.

Hampden.    September 22, 1921. — October 11, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Manslaughter. Negligence*, Causing death. *Practice, Criminal*, Charge to jury, Requests, rulings and instructions, New trial, Exceptions, Law of the case. *Merger. Motor Vehicle*, Reckless driving.

At the trial of an indictment charging the defendant with manslaughter " by so recklessly or negligently operating a motor vehicle that it collided with " another, causing the death of an occupant of the second vehicle, the defendant contended that the driver of the motor vehicle with which he collided was negligent. The judge charged the jury in substance that negligence of the driver of the second vehicle was not a defence available to the defendant "if the defendant's

recklessness caused the death complained of." The defendant alleged an exception, and thereupon the judge gave further instructions to the effect that the jury should take into account all the circumstances preceding and attending the collision, including among others the conduct of the driver of the second vehicle; that, if the defendant's conduct was reckless, independently of the conduct of the driver of the second vehicle, the defendant would be guilty if death was caused by his recklessness; that, if they should find the driver of the second vehicle negligent, but should still find that, quite regardless of his negligence, the defendant was reckless, they should "find him guilty of recklessness;" that, if his conduct "would not have resulted as reckless conduct would have resulted but for the recklessness or negligence" of the driver of the second vehicle, the defendant "would be innocent of recklessness. But . . . he cannot excuse his recklessness, if you find him reckless, by showing the negligence of" the other driver.  *Held*, that the instructions to the jury were sufficient and that the defendant's exception must be overruled.

.At the trial of the indictment above described, it was proper for the judge to refuse to rule that the "Commonwealth must show that the defendant had an intent to commit the crime of manslaughter," and that such "intent must be an active state of mind amounting to reckless and wanton disregard for the lives of others."

The indictment for manslaughter, above described, was tried in the Superior Court at the same time with a complaint charging the defendant with a violation of St. 1909, c. 534, § 22; St. 1916, c. 290, in operating a motor vehicle upon a public way so that the lives and safety of the public were endangered. Without objection or exception by either the Commonwealth or the defendant, the judge charged the jury that, if they should find the defendant guilty of manslaughter as alleged in the indictment, it would be their duty to return a verdict of not guilty of the offence charged in the complaint. The jury found the defendant guilty of the offence charged in the indictment and not guilty of that charged in the complaint. The defendant moved for a new trial on the ground that the two verdicts were inconsistent.  *Held*, that

(1) The ruling of the judge, unexcepted to, became the law of the case;

(2) Upon the record it was clear that, under the charge to the jury, the verdicts were consistent;

(3) *Whether* there could be a merger of the offences charged in the indictment and in the complaint, above described, was not considered.

INDICTMENT in two counts, found and returned on May 5, 1921, charging, in the first count, that the defendant "did assault and beat Harriet E. Peck and by such assault and beating did kill" her, and, in the second count, that the assault and beating was "by so recklessly, carelessly and negligently driving and operating a motor vehicle that it collided with a motor vehicle of which the said Harriet E. Peck was an occupant;" also a

COMPLAINT, received and sworn to in the District Court of Eastern Hampden on October 10, 1920, charging the defendant with operating an automobile upon a public way so that the lives and safety of the public were endangered.

Upon an appeal from a conviction on the complaint in the district court, the indictment and the complaint were tried together in the Superior Court before *Callahan,* J.

At the close of the evidence, the defendant asked for the following rulings:

"6. The Commonwealth must show that the defendant had an intent to commit the crime of manslaughter.

"7. This intent must be an active state of mind amounting to reckless and wanton disregard for the lives of others."

Material portions of the charge to the jury are described in the opinion. The "further instructions" referred to in the opinion as given by the judge after exception had been alleged by the defendant to portions of the charge, were as follows:

"I thought I made this plain to you, that it was your duty to take into account all the circumstances preceding and attending the collision, including among others the conduct of the driver of the Peck automobile. And I thought in that connection I instructed you that if the defendant's conduct was reckless, independently of the conduct of Peck, the defendant would be guilty if death was caused by his recklessness. I so instruct you now. In such a case the defendant could not avail himself of the argument that Peck was negligent, because his guilt was already established by his own conduct, quite independently of anything that Peck might have done. However, in determining whether or not the defendant was reckless, it is proper to take into account the entire situation with which he was called upon to deal as he entered the curve as well as at the moment of the collision, including the conduct of Peck, the driver of the machine. If, taking that into account, you should find that Peck was negligent, but should still find that quite regardless of any negligence of Peck this defendant was reckless it would be your duty to find him guilty of recklessness. If, on the other hand, his conduct would not have been reckless, would not have resulted as reckless conduct would have resulted but for the recklessness or negligence of Peck, of course he would be innocent of recklessness. But understand, understand it clearly, he cannot excuse his recklessness, if you find him reckless, by showing the negligence of Peck."

The jury found the defendant guilty on the indictment and not

guilty on the complaint. The defendant thereupon filed a motion for a new trial on the ground that "the verdict of 'not guilty' on the complaint charging that the defendant operated an automobile or motor vehicle so that the lives and safety of the public were endangered and the verdict of 'guilty' on the indictment charging manslaughter, both of which offences import negligent, reckless, wilful and wanton misconduct, are contradictory and repugnant."

At the hearing upon the motion, the defendant asked for the following rulings:

"1. The finding of the defendant guilty of manslaughter and not guilty of the offence of driving so that the lives and safety of the public might be endangered is contradictory and repugnant and the verdict in the indictment charging manslaughter should be set aside.

"2. There can be no merger of the two offences.

"3. The crime of manslaughter is a common law crime and the offence of driving so that the lives and safety of the public might be endangered is a statutory offence and the two cannot, therefore, merge.

"4. A crime *malum prohibitum* cannot be merged in a greater crime *mala in se.*"

The rulings were refused and the motion was denied.

The defendant alleged exceptions.

*G. D. Cummings, G. F. Leary & P. E. Tierney,* for the defendant.

*C. H. Wright,* District Attorney, *& R. H. Tilton,* Assistant District Attorney, for the Commonwealth.

JENNEY, J. The exceptions were taken in two criminal cases which were tried together in the Superior Court. In one case, the defendant was found guilty of manslaughter because the jury found that the death of Harriet E. Peck had been caused by his gross negligence or wanton and reckless act in driving an automobile. In the other, he was acquitted of the charge of so operating an automobile that the lives and safety of the public might be endangered. St. 1909, c. 534, § 22. St. 1916, c. 290. G. L. c. 90, § 24.

At the trial, the defendant did not contend that there was no evidence warranting his conviction on these charges. The exceptions as argued present only one question then arising.

An automobile driven by the defendant collided with another operated by George S. Peck, the husband of the deceased. The defendant contended that the husband was negligent, and excepted to portions of the charge to the jury dealing with the effect of his negligence. As to this, the judge instructed the jury: "In other words, you will bear in mind that if Mr. Peck was negligent, as the defendant contends here, that is no defence which this defendant can avail himself of. The purpose of the law is to protect people against the recklessness of others, and the mere negligence of Mr. Peck in this case would be of no avail to this defendant if the defendant's recklessness caused the death complained of." He then incorporated into his charge, by quotation, a part of the opinion of Knowlton, C. J., in *Aiken* v. *Holyoke Street Railway*, 184 Mass. 269, 271. After doing this, he further instructed the jury: "So keep in mind in your consideration of this case, that, even if Peck was negligent, or even if Peck was reckless, that would be no excuse for killing Mrs. Peck if the defendant was reckless as I have defined the term to you, and his recklessness caused or contributed to her death." At the close of the charge the defendant excepted to the parts herein quoted. The judge then gave further instructions to the jury which are set out above.

Taking the charge as a whole, in clear and unmistakable terms, it directed the jury to consider the entire situation, and specifically called their attention to the conduct of the husband as affecting that of the defendant. The jury were instructed to consider that conduct in determining whether the defendant's acts or omissions to act had been such as to warrant his conviction. This was sufficient.

The defendant does not argue his exceptions to the refusal of the judge to give certain requests for rulings. Clearly these were properly refused. The Commonwealth was not obliged to prove that the defendant intended to commit the crime of manslaughter. *Commonwealth* v. *Hawkins*, 157 Mass. 551. *Commonwealth* v. *Parsons*, 195 Mass. 560. Nor was the judge required to instruct the jury in the words of the request that in order to justify a conviction it was necessary to prove an intent consisting of an active state of mind amounting to reckless and wanton disregard for the lives of others. The subject matter was fully and carefully covered.

The remaining exceptions were to rulings requested upon a motion for a new trial. At the trial, the judge instructed the jury that the defendant could not be convicted of both crimes, saying: "Now if you should find the defendant guilty of man-slaughter as alleged in this indictment, you need not go into the other case, Mr. Foreman. It would then become your duty to return a verdict of not guilty on the complaint charging him with operating his automobile so that the lives and safety of the public were endangered. On the other hand, if you should find him not guilty of manslaughter then it would be your duty to proceed to a consideration of the charge contained in the complaint charging him with operating his automobile so as to endanger the lives, and safety of the public.

"Now, Mr. Foreman and Gentlemen, you are to apply all the evidence which I have already summarized to this case, if you reach this case in your deliberation. The defendant, you will re-member, cannot be convicted of both offences. You can render verdicts as follows: If the defendant is guilty of manslaughter, as charged in the indictment, it will be your duty to return a verdict of guilty in that case, in which case you will return a ver-dict of not guilty in the case in which he is charged with unlaw-fully operating. You may find the defendant not guilty of man-slaughter, and in that case you will find him either guilty on the complaint or not guilty on the complaint."

To this, no objection or exception was taken; nor was any request relative thereto made by either the district attorney or the attorney for the defendant.

After the defendant had been convicted of manslaughter and ac-quitted of the other offence, he moved that the verdict of guilty be set aside because the verdicts were contradictory and repugnant. At the hearing on this motion, he made requests for rulings.

The requests were refused and the motion denied, all subject to exceptions. These exceptions might well be overruled because they relate to rulings or omissions to rule during the trial to which the defendant then might have excepted, but did not do so, and hence were addressed to the discretion of the court. *Com-monwealth* v. *Morrison*, 134 Mass. 189. *Loveland* v. *Rand*, 200 Mass. 142. *Ramsay* v. *LeBow*, 220 Mass. 227. *Crowdis* v. *Hay-ward*, 233 Mass. 377. *Commonwealth* v. *Feci*, 235 Mass. 562.

However, treating the question broadly, the unexcepted ruling became the law of the case by which the jury properly could be governed, and under which the propriety of its action must be ·considered. *Cohen* v. *Edinberg*, 225 Mass. 177, 181. The defend-.ant was not harmed thereby. He argues that his conviction of manslaughter cannot stand, because he was acquitted of the charge of operating the automobile so as to endanger the lives .and safety of the public of which the deceased was one. It is unnecessary to decide whether the verdicts would have been inconsistent if rendered apart from the instructions given. The bill of exceptions clearly shows that, under the charge to the jury, they were in fact consistent. The exceptions of the defendant to the first request made at the hearing of the motion for a new trial and to the denial of the motion must be overruled. The ·other requests need not be considered. As no inconsistency existed, they did not relate to any question then properly in .issue.

*Exceptions overruled.*