COMMONWEALTH *vs.* ADAM GUILLEMETTE.

Middlesex.    December 14, 1922. — January 2, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Manslaughter.   Homicide.   Motor Vehicle,* Reckless operator.

Where, at the trial of indictments charging the defendant with manslaughter, with operating an automobile recklessly on a public way and with operating an automobile on a way in a city so that the lives or safety of the public might be endangered, there is evidence tending to show that, while recklessly operating an automobile, the defendant ran into another automobile and killed the person operating it, evidence, tending to show that the operator of the second automobile was a resident of this Commonwealth but was not licensed to operate an automobile in this Commonwealth, is irrelevant and properly may be excluded.

INDICTMENT, found and returned on September 11, 1922, charging that the defendant on June 21, 1922, "did assault and beat one Robert C. Clifford and by such assault and beating did kill said Robert C. Clifford;" also an

INDICTMENT, in two counts, found and returned on October 4, 1922, charging the defendant in the first count with operating an automobile recklessly on a public way in Lowell, and in the second count with operating an automobile on a way in Lowell "so that the lives or safety of the public might be endangered."

In the Superior Court, the indictments were tried together before *Hammond,* J.   Material evidence and a single exception saved by the defendant are described in the opinion.   The defendant was found guilty as charged in the first indictment and in both counts of the second indictment, and alleged exceptions.

The case was submitted on briefs.

*F. W. Qua, A. S. Howard & M. G. Rogers,* for the defendant.

*E. P. Saltonstall,* District Attorney, *& C. W. Blood,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J.   The defendant was tried upon an indictment for manslaughter in killing one Robert C. Clifford by assault, and at the same time upon another indictment with two counts, one for operating a motor vehicle recklessly and the other for operating a motor vehicle so that the lives and safety of the general public might be endangered.   The defendant, driving an automobile

upon a bridge in Lowell, came in collision with another automobile driven by Clifford, whereby the latter was killed. There was evidence sufficient to warrant the verdict of guilty on all the charges.

The single exception is to the exclusion by the trial judge of evidence offered by the defendant that Clifford, a resident of Lowell, was not licensed to operate automobiles in Massachusetts. This evidence was offered for the purpose of showing Clifford's lack of skill in operating his automobile and in support of the defendant's contention that that was the sole cause of the accident. The defendant could not be found guilty of manslaughter unless his wanton or reckless conduct caused the death. *Commonwealth* v. *Pierce*, 138 Mass. 165. *Banks* v. *Braman*, 188 Mass. 367, 369. A verdict of guilty on the first count of the other indictment required a finding of recklessness on the part of the defendant and, on its second count, of conduct in driving his automobile so as to endanger the lives and safety of the travelling public. The negligence of the deceased was not an excuse to the defendant for conduct coming within the description of any one of the charges. *Aiken* v. *Holyoke Street Railway*, 184 Mass. 269, 272, and cases cited. *Jones* v. *Boston & Northern Street Railway*, 205 Mass. 108. Of course, all the facts connected with the incident were pertinent. The actual conduct of both parties at the time might be shown. Whether the deceased was licensed to operate an automobile in Massachusetts was irrelevant. "Violation of a criminal statute is evidence of negligence on the part of the violator, as to all consequences that the statute was intended to prevent." *Bourne* v. *Whitman*, 209 Mass. 155, 166, 167. *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489, 496. That principle is not applicable to the case at bar because negligence of the deceased would not relieve the defendant. The case at bar is fully covered by *Commonwealth* v. *Peach*, 239 Mass. 575.

*Exceptions overruled.*