COMMONWEALTH *vs.* CHARLES LEWANDOWSKI.

Hampshire. January 23, 1925. — February 28, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Intoxicating Liquor. Nuisance. Practice, Criminal,* Arrest of judgment.

The offences of keeping for sale intoxicating liquors with intent unlawfully to sell the same on April 12 of a certain year and of keeping and maintaining during the twelve months next before April 26 of the same year a certain tenement used for the illegal sale and illegal keeping for sale of intoxicating liquors "to the common nuisance of the people" are not the same but are separately punishable, and an acquittal or conviction on either complaint is not as a matter of law a bar to a conviction and sentence on the other complaint.

By G. L. c. 278, § 34, a motion that a judgment of conviction for keeping a common liquor nuisance for twelve consecutive months be arrested because of a verdict of not guilty on a complaint for keeping for sale intoxicating liquors with intent unlawfully to sell the same on a date during the twelve months, being for a cause existing before verdict and not affecting the jurisdiction of the court, cannot be allowed.

COMPLAINT, received and sworn to in the District Court of Hampshire on April 26, 1924, charging that the defendant

"during the twelve months next before the making of this complaint, without legal authority, at Easthampton in said County of Hampshire, did keep and maintain a certain tenement by him used for the illegal sale and illegal keeping for sale of intoxicating liquor, to the common nuisance of all the people."

On appeal to the Superior Court, the complaint was tried before *Dillon,* J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. The defendant was found guilty and filed motions to set aside the verdict and also a motion in arrest of judgment on the grounds described in the opinion. Both motions were denied. The defendant alleged exceptions.

The case was submitted on briefs.

*D. D. O'Brien & N. S. Hitchcock,* for the defendant.

*T. J. Hammond,* District Attorney, for the Commonwealth.

BRALEY, J. The defendant was tried on two complaints which respectively charged that on April 12, 1924, he did expose and keep for sale intoxicating liquors with intent unlawfully to sell the same, and during the twelve months next before April 26, 1924, the date of the complaint, he did keep and maintain a certain tenement used for the illegal sale and illegal keeping for sale of intoxicating liquor "to the common nuisance of the people." G. L. c. 138, §§ 2, 86; c. 139, §§ 14, 15. See *Commonwealth* v. *Nickerson,* 236 Mass. 281. The cases were tried together, and submitted to the jury under instructions to which no exceptions were taken. A verdict of not guilty was returned on the first complaint, but, having been convicted on the second complaint, the defendant moved to set aside the verdict, and that a verdict of not guilty be entered by order of court. He also filed a motion in arrest of judgment. The motions were denied and the case is here on his exceptions.

It is settled, that the two offences are not the same but are separately punishable, and the acquittal or conviction on either complaint is not a bar to a conviction and sentence on the other complaint. *Commonwealth* v. *O'Donnell,* 8 Allen, 548, 550. *Commonwealth* v. *McCabe,* 163 Mass. 98, 102. *Commonwealth* v. *Haddad,* 251 Mass. 391.

It is provided by G. L. c. 278, § 34, that "No motion in arrest of judgment shall be allowed for a cause existing before verdict, unless it affects the jurisdiction of the court," and nothing was open to the defendant except matters appearing of record when the motion in arrest of judgment was filed. *Commonwealth* v. *Brown,* 150 Mass. 334, 341. The court, however, for reasons just stated, had jurisdiction of the offence charged, and no error of law appearing in the denial of both motions, the exceptions must be overruled.

*So ordered.*