COMMONWEALTH *vs.* LAWRENCE ARONE.

Middlesex.    October 16, 1928. — November 27, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Homicide*, Manslaughter. *Practice, Criminal*, Requests, rulings and instructions, Charge to jury. *Evidence*, Competency, Relevancy and materiality, Of criminal negligence.

At the trial of an indictment charging the driver of a motor truck with manslaughter, there was evidence that the truck weighed over eleven thousand pounds and carried a load of over seventy-eight hundred pounds; that, at a speed not greater than fifteen miles per hour, the defendant approached the intersection of two streets in Cambridge, with nothing in the street ahead of him to attract his attention or to interfere with his view except a child, either seated in a little express cart six or seven feet from the right hand curb and pushing it with his foot, or at the corner of a street moving to or from the cart to place an object on the sidewalk; that the defendant did not sound his horn nor change direction nor slacken speed, and the truck ran over the child and killed him. The defendant testified that he was looking ahead but did not see the child till just as he struck him and that he had a fair view ahead of him through a section of the wind shield rendered comparatively clean by a wind shield wiper. The accident happened about noon on a clear day, without rain or snow. The judge refused to order a verdict of not guilty, and the defendant was found guilty. *Held,* that

(1) An exception by the defendant to the admission of evidence that some time about two o'clock in the afternoon of the accident two officers examined the wind shield of the motor truck and that its condition was such that, sitting in the position of the driver and looking to the right, they could not see beyond the mudguard because of dust and dirt upon the wind shield, was overruled, the evidence being admissible in the discretion of the judge, although there was no express testimony that no change had taken place in the shield since the accident, a fair inference from the evidence being that there had been no change;

(2) A finding was warranted that the defendant was guilty of

wilful, wanton and reckless conduct, and such finding would justify a verdict of guilty;

(3) Although ·the judge in his charge read G. L. c. 90, §§ 13, 14, and the jurors could have found that both these provisions had been disregarded, which could have been found to have been negligence, but, alone, not the wilful, wanton and reckless misconduct essential to justify a verdict of guilt of manslaughter, an exception by the defendant to a refusal by the judge to instruct the jury that they were "not justified in finding that the defendant was guilty of wilful, wanton and reckless conduct merely because he may have been violating statutes or regulations with regard to the operation of motor vehicles," was not sustained, it appearing that the judge in his charge insisted that the jury, to find the defendant guilty, must find more than negligence or gross negligence, that they must find beyond reasonable doubt conduct that was wanton, reckless and in such utter disregard of probable consequences from the negligent act as to amount to a wilful wrong;

(4) An examination of the whole charge did not warrant the sustaining of an exception based on a contention that the judge violated the law with regard to charging on the facts or wrongfully arguing upon the evidence.

INDICTMENT, found and returned on February 7, 1928, charging that the defendant on December 15, 1927, at Cambridge "did assault and beat one Vincent C. Schorling and by such assault and beating did kill said Vincent C. Schorling."

The indictment was tried on March 12, 1928, before *Dubuque*, J. Material evidence and exceptions saved by the defendant are stated in the opinion. The defendant was found guilty and appealed and filed an assignment of errors on May 10, 1928.

*J. T. Hughes*, (*H. L. Barrett* with him,) for the defendant.

*R. T. Bushnell*, District Attorney, (*F. G. Volpe*, Assistant District Attorney with him,) for the Commonwealth.

WAIT, J. The appellant was found guilty of manslaughter arising out of an automobile accident. He makes thirteen assignments of error at the trial: one, in the admission of evidence; one, in the refusal of a motion that a verdict of not guilty be directed; one, in the denial of a request for instructions to the jury; and the remainder in portions of the charge.

The accident took place about noon on December 15, 1927. Evidence was admitted that some time about two o'clock in the afternoon two officers examined the wind shield of the motor truck which the defendant had driven against the

child who was killed, and they were permitted to describe its condition and to testify that sitting in the position of the driver and looking to the right they could not see beyond the mudguard because of dust and dirt upon the wind shield. There was no express testimony that no change had taken place in the shield since the accident; but the fair inference from the evidence was that there had been no change. Whether or not the conditions were similar so that the jury could properly make use of the testimony in passing upon the action of the driver rested in the discretion of the trial judge, and we see no abuse of this discretion in the admission of the testimony. *Baker* v. *Harrington*, 196 Mass. 339.

The defendant contends that there was no sufficient evidence to sustain a verdict for manslaughter and that a verdict should, therefore, have been directed in his favor. The undisputed testimony showed that the defendant, who was perfectly familiar with the locality, while driving a motor truck which weighed 11,400 pounds and carried a load weighing 7,855 pounds, at a speed not greater than fifteen miles per hour, along Belmont Street in Cambridge, approaching Cushing Street, with nothing in the street ahead of him to attract his attention or to interfere with his view except a child, either seated in a little express cart six or seven feet from the right hand curb and pushing it with his foot, or at the corner of Cushing Street moving to or from the cart to place an object on the sidewalk, ran into and over the child and the cart. The defendant testified that he was looking ahead but did not see the child till just as he struck him. He did not sound his horn nor did he change direction or slacken his speed. If he were believed, there was no reason why he should not have seen the child unless he could not see an object ahead and slightly to his right because of the dirty wind shield. He testified that he had a fair view ahead of him, through a section of the wind shield rendered comparatively clean by a wind shield wiper. The day was clear, without rain or snow. Here was abundant evidence to sustain a verdict for negligence; and, if his testimony in regard to looking forward, was not believed, a verdict for gross negligence in driving at such a rate with such a load

in coming to an intersecting street with a traveller ahead of him in the street. If the jury believed that he saw the child, they would be justified in finding wilful, wanton and reckless conduct on his part. *Commonwealth* v. *Pierce*, 138 Mass. 165. *Banks* v. *Braman*, 188 Mass. 367, 369. The latter finding would sustain a verdict for manslaughter. *Commonwealth* v. *Guillemette*, 243 Mass. 346. *Commonwealth* v. *Peach*, 239 Mass. 575. *Commonwealth* v. *Hawkins*, 157 Mass. 551. The judge, therefore, was right in refusing to direct a verdict of not guilty.

The judge refused to instruct as requested that "The jury is not justified in finding that the defendant was guilty of wilful, wanton and reckless conduct merely because he may have been violating statutes or regulations with regard to the operation of motor vehicles," because this asked him to single out and comment on part only of the evidence and this, ordinarily, he is not obliged to do. *Tonsman* v. *Greenglass*, 248 Mass. 275, 278. *Waverly Lumber Co.* v. *Piantedosi*, 262 Mass. 377, 382. Nevertheless the defendant was entitled to have the jury instructed in substance as requested; for during the trial the judge called the attention of counsel to G. L. c. 90, §§ 13, 14, and he read them to the jury in the charge. Section 13 forbids one operating a motor vehicle to permit anything to be on or in the vehicle, or on or about his person, which may interfere with or impede its proper operation; and § 14 requires an operator, upon approaching a pedestrian who is upon the travelled part of the way and not on the sidewalk, to slow down, and to sound a signalling device. The jurors could have found that both these provisions had been disregarded. Such disregard could be found to be negligence. *Bourne* v. *Whitman*, 209 Mass. 155. *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489, 496. But, of itself, this would not establish wilful, wanton and reckless conduct. *Banks* v. *Braman*, *supra*, page 369. See *Commonwealth* v. *Hawkins*, *supra*. Although the judge did not so instruct in direct language, he did insist that the jury must find more than negligence or gross negligence, that they must find beyond reasonable doubt conduct that was

wanton, reckless and in such utter disregard of probable consequences from the negligent act as to amount to a wilful wrong. He said, among other things, "in this case the burden of proof is upon the Commonwealth to satisfy you that the conduct of the defendant, either by acts of commission or omission, either in what he did, or in what he failed to do, in failing to take proper means and precautions to ascertain if anybody else was using the highway and to ascertain the presence of anybody else on the highway, if his conduct is found by you to be wanton, reckless conduct, in utter disregard or indifference to the rights of others, and you are satisfied of that beyond a reasonable doubt, then the defendant is guilty of manslaughter."

The charge might well have been more full and clear in pointing out the distinction between negligence, which could be shown by mere violation of the statutes read and which would not justify a verdict of guilty, and conduct which was a wilful, wanton and reckless disregard of the probable consequences of negligent action that would require a finding of guilt; but we think the jurors were not left to disregard that distinction, nor permitted to find the defendant guilty simply because he had a dirty wind shield and so failed to see the child he killed. The refusal to give the instruction in the form requested does not require that the exception be sustained.

We find no reversible error in the remaining assignments. In charging with regard to calling the mother as a witness, to the weight of the truck and its load, the failure to see the child on the street, the immateriality of lack of care on the child's part, the observation of witnesses other than the defendant, the judge expressed no opinion of his own upon the facts, and was not violating the law with regard to charging upon facts nor wrongfully arguing upon the evidence. In reading from the statutes and from decisions of this court to assist in clarifying the issues for the jury, there was no error in law. *Commonwealth* v. *Peterson*, 257 Mass. 473, 478. The charge, in the parts objected to, is not wrongfully argumentative, erroneous in law, nor prejudicial to the defendant.

*Judgment affirmed.*