Pettimgell, J.
Action of tort. The plaintiff, who was passing the defendant’s dump in the night time, went on the dump to light a piece of paper at a fire there, to light a cigarette. When he threw the paper down, there was an explosion of some sort and he was burned. There was evidence that the defendant was accustomed to haul, to this dump, empty drums which had contained benzine or benzol, and that an employee of the defendant, who was the caretaker of the dump, would then drain off any fluid remaining in the drums and set fire to them. On the day in question this employee had left the dump at 4:30 P. M., leaving a fire burning.
At the request of the defendant the trial judge ruled that the defendant was not required to have the dump enclosed dr guarded; that there was no invitation, express or im *178 plied, by the defendant to the plaintiff, to go to the place where he was alleged to have been injured; that if the plaintiff had any rights upon the defendant’s premises they were merely those of a licensee; that the defendant was not required to keep the premises safe for the plaintiff’s use, or to warn him of the dangers of a general dump, and of a dump with a smouldering fire thereon; and that the plaintiff had no right of action unless he could show his injury was due to wilful, wanton and reckless misconduct of the defendant or of the defendant’s servants in charge of the dump.
The plaintiff did not object to the allowance of these rulings requested by the defendant and made no claim of report because they wore given. They became, therefore, the law of the case and, having been given at the request of the defendant, both parties are now bound by them; we must, therefore treat as final all matters covered by them, Commonwealth v. Retkovitz, 222 Mass. 245, at 253; Murphy v. Hanright, 238 Mass. 200, at 203, 204; Prondecka v. Turners Falls Power &c. Co., 238 Mass. 239, at 241; Morel v. New York, New Haven & Hartford R. R., 238 Mass. 392, at 394; Tompkins v. Quaker Oats Co., 239 Mass. 147, at 150; Commonwealth v. Peach, 239 Mass. 575, at 581; Daniels v. Cohen, 249 Mass. 362, at 363; Phillips v. Director General &c., 251 Mass. 263 at 268; Beacon Manufacturing Co. v. Barnard Manufacturing Co., 261 Mass. 397, at 401; C & S Shoe Manufacturing Co. v. Dennett &c. Goddard, Inc., 269 Mass. 317, at 319; Button v. Crowley, 284 Mass. 308, at 313; Goldman v. Adlman, 291 Mass. 492, at 497.
There was a finding for the plaintiff.
The defendant now contends that the evidence does not warrant a finding of wilful, wanton and reckless conduct, which the trial judge ruled was necessary to the plaintiff’s *179 recovery. The defendant, however, filed no request for a ruling to that effect, and we are of opinion that that door is closed to it; Keohane petr., 179 Mass. 69, at 72, 73; Richards v. Appley, 187 Mass. 521, at 522; Reid v. Doherty, 273 Mass. 388, at 389, 390; Breen v. Burns, 280 Mass. 222, at 228; Segal v. Allied Mutual Liability Ins. Co., 285 Mass. 106, at 109; Parker v. Levin, 285 Mass. 125, at 129; Lender v. Lincoln, 286 Mass. 45, at 47; Stowell v. H. P. Hood & Sons, Inc., 288 Mass. 555, at 556, 557. Nor are all the facts found or agreed upon so as to bring the case within the rule of Leshefsky v. American Employers Ins. Co., Mass Adv. Sh. (1936) 143, at 144. Outside of the fact that benzine or benzol was in some way set afire when the plaintiff threw down a lighted piece of paper, what happened and what the causes of the fire were are wholly a matter of conjee-: ture. There was an explosion and a blazing barrel flew through the air. It does not appear whether the plaintiff threw the lighted paper into the barrel, or threw it into some other receptacle, or on the ground. Neither does it appear whether the start of the fire was in the barrel or external to it, nor whether the explosion was in the barrel or external to it, nor whether or not the barrel had been drained.
. We think, however, that there was error in the denial of the defendant’s eighteenth request. The trial judge had ruled that “the plaintiff had no right of action unless he could show his injury was due to wilful, wanton and reck-, less misconduct of the defendant, or of the defendant’s servants in charge of the place”. As has been pointed out, this ruling became the law of the case.
The judge then refused to rule,
“18. The wilful and wanton neglect of which the defendant must have been guilty to make it liable on this case is a degree of negligence for which in a case *180 resulting in death, a jury in a criminal case could find a verdict of manslaughter.”
The request in form is not perfect; wilful, wanton and reckless misconduct is not a “degree of negligence”. Such misconduct differs in kind from negligence, Prondecka v. Turners Falls Power &c. Co., 238 Mass. 239, at 242, S. C. 241 Mass. 100, at 102; Miller v. U. S. F. & G. Co., 291 Mass. 445, at 447. Nevertheless, in the early cases, it is spoken of as a degree of negligence, or as “wanton and reckless negligence”, Bjornquist v. Boston & Albany R. R., 185 Mass. 130, at 134; Romana v. Boston Elevated Ry,, 218 Mass. 76, at 83; in Commonwealth v. Hawkins, 157 Mass. 551, at 553, it is called “gross negligence”.
The request, however, clearly and distinctly singled out for emphasis a phase of wilful, wanton and reckless conduct which definitely distinguishes it from negligence, either simple or gross, and at the same time indicates its grave and serious nature. It stated a test which would demonstrate whether the trial judge had in mind the necessary element of wilful, wanton and reckless acts.
Ever since the decision of Commonwealth v. Pierce, 138 Mass. 165, it has been the law here that an act done with “foolhardy presumption or gross negligence”, resulting in death warrants, a verdict of manslaughter. In Aiken v. Holyoke Street Ry., 184 Mass. 269, at 271, it was held that this principle is applicable to wanton, wilful and reckless conduct in tort eases. Similar decisions are to be found in Commonwealth v. Parsons, 195 Mass. 560, at 569, and in Commonwealth v. Arone, 265 Mass. 128, at 131. On the other hand, in cases where death has resulted from tortious acts in the operation of an automobile, it has been held that there was no basis for a verdict of manslaughter, unless, the conduct of the defendant was “wanton and reckless”,, *181 Commonwealth v. Guillemette, 243 Mass. 346, at 347; or, “wanton, reckless and wilful”, Commonwealth v. Jones, 288 Mass. 150 at 152.
Thus we have a course of conduct, “wilful, wanton and reckless”, which, if resulting in death, warrants a verdict of manslaughter; we have also decisions that tortious acts resulting in death do not warrant such verdicts, unless the acts are “wilful, wanton and reckless”.
“So, in cases of homicide, the rule is well established, that one who wantonly or in a reckless or grossly negligent manner, does that which results in the death of a human being, is guilty of manslaughter, although he did not contemplate such a result. His gross negligence in exposing another to a personal injury by intentionally doing the act makes his intention criminal, and supplies all the intent which the law requires to make him responsible for the consequences. * * * * In the case at bar, if Mary A. Powers had died from the pistol shot, the defendant, on the facts found by the jury, would have been guilty of manslaughter. As she survived the injury, the same principle now requires a conviction of assault and battery.” Commonwealth v. Hawkins, 157 Mass. 551, at 553.
The essential difference between the responsibility for death caused by negligence and death caused by wilful, wanton conduct is illustrated by a statement of the court in Minasian v. Aetna Life Ins. Co., Mass. Adv. Sh. (1936) 1333, at 1336, 1337. Speaking of the right of a beneficiary to recover on a life insurance policy, when the beneficiary causes the death of the insured, the court said,
“If that maxim (that no man shall profit from his own wrong) be applied to all criminal wrongs, then a beneficiary who drives an automobile in which the insured is killed in a collision is often in danger of losing his rights, for the most common violations of the law *182 of the road are misdemeanors * * * * If forfeiture be the rule for all felonies, though not for misdemeanors, then every one who unintentionally causes death through reckless conduct loses his rights, for his act is manslaughter, and manslaughter is a felony.”
We have, therefore, in wilful, wanton and reckless conduct, a quality entirely absent from negligence, so inherently grave and serious that, if death results, a verdict of manslaughter is warranted. It is evident, also, that no tortious act, short of wilful, wanton and reckless conduct, has that inherent quality. The defendant in the instant case, therefore, was entitled to have his 18th request granted.
Its denial, in the absence of any finding of facts, or of any explanation of the denial, constitutes prejudicial error, because it may be that the trial judge was proceeding on the theory that wilful, wanton and reckless conduct could be something of a less serious nature than conduct which, if death results, warrants a verdict of manslaughter. The defendant was not only entitled to have the ruling given; he was entitled to be assured that it was properly applied; Clarke v. Second National Bank, 177 Mass. 257, at 266, 267 Massachusetts General Hospital v. Belmont, 233 Mass. 190, at 210. We are left in uncertainty as to the principle of law actually applied; Clarke v. Massachusetts Title Ins. Co. 214 Mass. 31, at 32, 33; DeYoung v. Andrews Co., 214 Mass. 47, at 50; Kaufmam v. Sydeman, 251 Mass. 210, at 217; Russell v. Foley, 278 Mass. 145, at 148, 149; Minsk v. Pitaro, 284 Mass. 109, at 115.
The finding for the plaintiff is to be vacated and the ease is to. stand for a pew trial.