COMMONWEALTH *vs.* EDWARD J. MAGUIRE
(and a companion case against the same defendant).

Essex.    April 5, 1943. — April 26, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Manslaughter. Motor Vehicle*, Operation. *Practice, Criminal*, Verdict, Trial of indictments together.

Upon separate indictments and proper proof, one may be convicted simultaneously both of manslaughter and of negligently operating a motor vehicle so as to endanger the public in violation of G. L. (Ter. Ed.) c. 90, § 24, as amended, although both offences originated in the same act.

The mere fact that, at the trial together of an indictment for manslaughter based on the defendant's operation of a motor vehicle and of an indictment for his negligently operating it so as to endanger the public in violation of G. L. (Ter. Ed.) c. 90, § 24, as amended, the jury found him guilty on both indictments in disregard of an instruction by the judge that, if they found him guilty of manslaughter, they need not consider the other indictment and should return a verdict of not guilty thereunder, did not require that the verdict of guilty on the indictment for manslaughter be set aside.

Two INDICTMENTS, found and returned on January 16, 1942.

The cases were tried together before *Baker*, J.

*H. F. Collins*, for the defendant.

*J. C. Roy*, Assistant District Attorney, for the Commonwealth.

RONAN, J.    The defendant has been tried and convicted upon two indictments charging him with manslaughter. There was evidence that the defendant while operating an automobile upon River Street in Haverhill, a four-lane heavily travelled highway leading from Haverhill to Lawrence, at about seven o'clock on a pleasant Sunday evening in September, 1941, struck two persons who were repairing a tire upon their automobile and fatally injured them. There was testimony tending to show that the defendant was driving at about fifty miles an hour and that he was

under the influence of intoxicating liquor. He was found guilty upon each of these two indictments and was given concurrent sentences in the house of correction. The defendant makes no contention that the evidence was insufficient to justify these verdicts. These two indictments were tried with a third indictment accusing the defendant, at the time and place mentioned in the manslaughter indictments, with operating a motor vehicle negligently, "upon a way or in a place to which the public has a right of access," so that the lives or safety of the public might be endangered. Full and adequate instructions were given to the jury as to what must be proved in order to show commission of the offences described in the three indictments. The judge, at the request of the defendant, instructed the jury that manslaughter was a more serious offence than operating an automobile so as to endanger the public; that the latter was included in the former; that if they found that the defendant was guilty of manslaughter, then they need not consider the indictment for operating so as to endanger the public and should return a verdict of not guilty on that indictment; but that if they found that the defendant was not guilty of manslaughter, then they should proceed to determine whether or not he was guilty upon the third indictment. The jury found the defendant guilty upon this third indictment and that indictment was filed.

The defendant appealed under G. L. (Ter. Ed.) c. 278, §§ 33A–33G, and the two assignments of error present the question whether the verdicts in the manslaughter cases were vitiated by any error of law on account of the jury also finding the defendant guilty of operating an automobile so as to endanger in disregard of the instructions of the judge. The proceedings in reference to the trial of the indictment for the illegal operation of the automobile and the disposition of that case in the Superior Court have not been brought here, and we are not now concerned with that indictment other than to decide whether the verdict of guilty has in some way tainted the verdicts returned on the manslaughter indictments.

The defendant contends that he could not be found guilty

upon all three indictments either as matter of law or in accordance with the instructions given to the jury. To sustain the first proposition he relies upon *Commonwealth* v. *Peach,* 239 Mass. 575. That decision does not decide that one who has operated an automobile in a wanton and reckless manner and thereby fatally injured another cannot be convicted of manslaughter and also of negligently operating an automobile so as to endanger the public, in violation of the provision now appearing in G. L. (Ter. Ed.) c. 90, § 24, as amended. It is true that in that case, as in the instant case, the jury were instructed that if they found the defendant guilty of manslaughter they should then find him not guilty of operating a motor vehicle so as to endanger the public. In that case those instructions were followed and the defendant was convicted of manslaughter and acquitted of the other offence, and his contention was that the verdicts were inconsistent. The question of the correctness of the instructions was, however, not raised nor considered by this court. It was there pointed out (page 581) that "It is unnecessary to decide whether the verdicts would have been inconsistent if rendered apart from the instructions given." The defendant in *Commonwealth* v. *Guillemette,* 243 Mass. 346, was convicted of manslaughter and of a violation of G. L. c. 90, § 24. *Commonwealth* v. *Peach, supra,* was cited in that opinion in support of the point that the negligence of the victim was not a defence. It seems hardly possible that, if it was thought that there was anything in the *Peach* case that would preclude a defendant from being convicted of both offences, this court would have refrained from saying so, especially where it is clear that the court had the *Peach* case in mind. The crimes of manslaughter and operating an automobile in violation of G. L. (Ter. Ed.) c. 90, § 24, as amended, are separate and distinct offences even though both crimes originate in the same act. The commission of a single act by a defendant might constitute different offences. *Commonwealth* v. *McCabe,* 163 Mass. 400. *Commonwealth* v. *Lewandowski,* 251 Mass. 550. *Commonwealth* v. *Martin,* 304 Mass. 320. It was settled by *Commonwealth* v. *Jones,* 288 Mass. 150, that an acquittal upon a complaint

for violation of G. L. (Ter. Ed.) c. 90, § 24, as amended, would not bar the prosecution of an indictment for manslaughter arising out of the same act. We think the same result would follow if the trial for manslaughter should precede the trial for the statutory misdemeanor. One could not be convicted of driving so as to endanger the public in violation of G. L. (Ter. Ed.) c. 90, § 24, upon the trial of an indictment which charged him only with the crime of manslaughter. Proof that the operation of an automobile by a defendant in a wanton and reckless manner caused the death of another would support an indictment for manslaughter, *Commonwealth* v. *Pierce,* 138 Mass. 165, *Commonwealth* v. *Hawkins,* 157 Mass. 551, *Banks* v. *Braman,* 188 Mass. 367, *Commonwealth* v. *Guillemette,* 243 Mass. 346, *Commonwealth* v. *Arone,* 265 Mass. 128, but similar evidence might not be sufficient to warrant a conviction for a violation of G. L. (Ter. Ed.) c. 90, § 24, as amended. To secure a conviction on the latter charge, for instance, it also is necessary to prove that the defendant operated the automobile upon a public way or in a place to which the public had access, *Commonwealth* v. *Harris,* 257 Mass. 434, *Commonwealth* v. *Clancy,* 261 Mass. 345 — elements not essential to conviction of manslaughter. The statutory offence is not included in the crime of manslaughter and an acquittal or conviction upon an indictment charging the latter offence would not constitute a bar to a subsequent prosecution for the statutory offence. The offences differ in kind and in the nature of the proof required to support them. *Morey* v. *Commonwealth,* 108 Mass. 433. *Commonwealth* v. *Haywood,* 247 Mass. 16. *Commonwealth* v. *Crowley,* 257 Mass. 590. *Commonwealth* v. *Crecorian,* 264 Mass. 94. *Commonwealth* v. *DiStasio,* 297 Mass. 347. *Commonwealth* v. *Azer,* 308 Mass. 153. And the statutory offence, although only a misdemeanor, is not merged in the crime of manslaughter, which is a felony. G. L. (Ter. Ed.) c. 278, § 12. *Commonwealth* v. *Walker,* 108 Mass. 309. *Commonwealth* v. *Dean,* 109 Mass. 349. *Commonwealth* v. *Creadon,* 162 Mass. 466. *Commonwealth* v. *Stuart,* 207 Mass. 563. *Commonwealth* v. *Ponzi,* 256 Mass. 159. In point of law the defendant is wrong in

contending that he could not be convicted on separate indictments both of manslaughter and of driving so as to endanger the public as specified by G. L. (Ter. Ed.) c. 90, § 24, as amended. Apart from the instructions, there was no inconsistency in the verdicts of guilty on all the indictments.

The defendant next contends that the jury were bound to follow the instructions in considering the evidence and in determining the guilt or innocence of the defendant. It is plain that the jury could not in accordance with the instructions find the defendant guilty on all three indictments. *Low Supply Co.* v. *Pappacostopoulous,* 283 Mass. 633. The importance of first considering the manslaughter indictments was stressed by the judge in the instructions to the jury, and it was only in the event that they came to the conclusion that the defendant was not guilty of that offence that they were to consider the evidence in reference to the other indictment. The rendition of the verdicts on the manslaughter indictments was consistent with these instructions. No contention has or could be successfully made that the evidence did not justify these verdicts, or that the jury did not intend to find the defendant guilty of manslaughter. The jury failed to follow the instructions only in reference to the verdict on the statutory misdemeanor. The defendant, however, did not bring that case here and does not seek to set that verdict aside. We need not decide what remedy is appropriate to accomplish this result. See *Commonwealth* v. *Mead,* 10 Allen, 396. *Marks* v. *Wentworth,* 199 Mass. 44. *Commonwealth* v. *Dascalakis,* 246 Mass. 12. If the jury considered the manslaughter indictments first and decided that the defendant was guilty, the fact that they then considered the misdemeanor indictment could not in any way affect the conclusion already reached on the other indictments. On the other hand, if they, in disregard of the instructions, first considered the misdemeanor indictment and found the defendant guilty, then they were not precluded from deciding the guilt or innocence of the defendant on the two indictments charging him with manslaughter. The Com-

monwealth was required to prove the essential facts necessary to support each indictment before a verdict of guilty could be returned to the same extent as if each indictment were being prosecuted separately from the others. While the instructions became the law of the trial, it would be pushing this principle too far to hold that the two verdicts for manslaughter, which are just and sound in accordance with well established principles of substantive law, should be set aside because the jury may not have proceeded to consider the indictments for manslaughter before deliberating on the third indictment as they were told to do in the instructions of the judge. The guilt or innocence of a defendant in a criminal prosecution should not depend upon the order in which the jury pass upon the various indictments upon which he is being tried. We see nothing in this record to show that the verdicts on the indictments for manslaughter were in any way erroneously affected by the verdict returned on the third indictment. The situation is somewhat analogous to that presented where an error has occurred in reference to the trial of one of several indictments tried together and has not prejudiced the defendant as to his trial upon the other indictments, and where the verdict on that indictment has been set aside and the verdicts on the other indictments permitted to stand. *Commonwealth* v. *Andrews*, 132 Mass. 263. *Commonwealth* v. *Dyer*, 243 Mass. 472. *Commonwealth* v. *McCarthy*, 281 Mass. 253. *Commonwealth* v. *Mannos*, 311 Mass. 94.

*Judgments affirmed.*