COMMONWEALTH vs. JOHN F. GALLUZZO.

No. 86-1213.

Plymouth.  December 2, 1987. — April 5, 1988.

Present: BROWN, SMITH, & WARNER, JJ.

*Motor Vehicle,* Operating to endanger. *Evidence,* Relevancy and materiality,
    Collateral matter.

At the trial of a complaint charging the defendant with operating a motor vehicle
    negligently so that the lives or safety of the public might be endangered
    the judge erred in excluding evidence tending to show that the driver
    of a second vehicle, with which the defendant's van collided at an
    intersection, was operating her vehicle at the time of the accident under
    the influence of intoxicating liquor, since this evidence was relevant and
    material to the defendant's claim that he was not negligent and that the
    other driver was the sole cause of the accident. [570-572]

COMPLAINT received and sworn to in the Hingham Division
of the District Court Department on June 18, 1984.

On appeal to the jury session of that court the case was tried
before *Charles E. Black,* J.

*Jeremy M. Carter* for the defendant.

*Ann E. Rascati,* Assistant District Attorney, for the Com-
monwealth.

SMITH, J. The defendant appeals from his conviction by a
jury of six in a District Court on a complaint that charged him
with operating a motor vehicle negligently so that the lives or
safety of the public might be endangered (G. L. c. 90, § 24[2][a],
as most recently amended by St. 1975, c. 156, 1).[1]

---

[1] "Whoever upon any way or in any place to which the public has a right
of access . . . operates a motor vehicle . . . negligently so that the lives or
safety of the public might be endangered . . . shall be punished . . . ."

That complaint and others[2] arose out of a collision between the defendant's van and a Honda sedan at the intersection of routes 228 and 3A in Hingham. The defendant argues on appeal that the judge erred in not allowing evidence to be introduced concerning the circumstances of the accident. He also claims that the judge gave erroneous jury instructions.

A witness for the Commonwealth testified that the accident happened in the following manner. He stated that he was traveling on route 228 and had stopped at its junction with route 3A because of a red traffic light. He observed the van, operated by the defendant on route 3A, approaching the intersection, when the traffic light controlling the flow of traffic on that route changed from green to yellow. When that occurred, the van was between seventy-five and one hundred feet from the intersection. When the traffic light changed to yellow, the van accelerated and was traveling between fifty-five and sixty miles per hour in a forty miles-per-hour zone. The van then hit the Honda sedan which had entered the intersection before the traffic light had changed from green to yellow. That sedan, traveling on route 3A in a direction opposite from the van, was in the process of making a left-hand turn onto route 228 at the time it was struck. The witness's testimony was corroborated by another eyewitness.

The defendant testified that he was traveling on route 3A at approximately thirty-five to forty miles per hour. As he approached the intersection of route 228 with 3A, he started to brake. He then noticed the Honda sedan coming toward him in his lane. In order to avoid a collision, the defendant braked; he skidded straight through the intersection, and hit the Honda. The defendant's testimony was corroborated by a passenger in his van.[3]

---

[2] The defendant was also convicted of operating without a license and a registration (G. L. c. 90, § 11) and speeding (G. L. c. 90, § 17). Those convictions are not involved in this appeal. The jury acquitted the defendant on a complaint that charged him with possession of cocaine.

[3] One of the police officers who investigated the accident testified that from his observations at the accident scene, the accident happened in the defendant's lane.

The defendant claims that the judge committed error when he refused to allow in evidence testimony from a police officer that the operator of the Honda sedan was under the influence of intoxicating liquor at the time of the accident. The issue arose in the following manner.

At a pretrial conference defense counsel informed the judge that at the bench trial a police officer was allowed to testify that the operator of the Honda sedan had been charged with operating under the influence of intoxicating liquor at the time of the accident. According to defense counsel, a police report stating that fact was allowed in evidence at the previous trial. Defense counsel also informed the judge that the other operator had been convicted of the charge.[4]

The judge then stated that at the jury trial he would not allow the police report in evidence, and that if the operator of the Honda sedan testified during the Commonwealth's case, he would permit a certified copy of her conviction to be used by the defendant only to impeach her credibility.

The operator of the Honda sedan did not testify at the jury trial. A police officer, testifying for the Commonwealth, stated that when he arrived at the accident scene, he noticed that the operator of the Honda sedan was injured. He stayed with her until the ambulance arrived. He was asked on cross-examination whether he observed anything about the operator other than the fact that she was injured and hysterical. The officer answered, "Yes, I did." Defense counsel then asked, "What did you observe?" It is apparent from the record that the witness, if permitted, would have responded that his observations were that the operator of the Honda sedan had been drinking and that she was under the influence of intoxicating liquor. The judge, anticipating that the witness would give that answer, sustained the Commonwealth's objection on the ground that the information contained in the answer was irrelevant.

The defendant argues that he was entitled to show the circumstances of the accident and that evidence tending to show that

---

[4] The Commonwealth did not challenge, and has not challenged, any of the representations that defense counsel made to the judge at the pretrial conference.

the other operator was operating her motor vehicle under the influence of intoxicating liquor was relevant.

We agree with the defendant that "all the facts connected with the incident were pertinent . . . [and that t]he actual conduct of both parties at the time might be shown." *Commonwealth* v. *Guillemette*, 243 Mass. 346, 347 (1923). Here, the crucial issue was whether the defendant operated his motor vehicle "*negligently* so that the lives or safety of the public might be endangered" (emphasis supplied). G. L. c. 90, § 24(2) (*a*). In attempting to show that the defendant was negligent, the Commonwealth relied on the details of the accident. The defendant contended, however, that he was not negligent and that the accident was caused entirely by the negligent conduct of the other operator in traveling toward him in the wrong lane just prior to the accident. Evidence tending to show that the other operator was operating her motor vehicle at the time of the accident under the influence of intoxicating liquor was relevant and material to the defendant's claim that he was not negligent and that the operator of the Honda sedan was the sole cause of the accident.

The Commonwealth contends that the evidence was only of collateral significance with respect to the culpability of the defendant's conduct and that the judge did not abuse his discretion in excluding it.

We recognize that the judge "may exclude evidence if the danger of confusion, unfair prejudice, or undue consumption of time in trial of collateral issues outweighs the probative value of the evidence offered." *Commonwealth* v. *Geisler*, 14 Mass. App. Ct. 268, 279 (1982). However, the type of evidence excluded here had a direct bearing on the defendant's culpability. If believed, it would have warranted the jury in finding the defendant not guilty, by allowing them to find that the operator of the Honda sedan was the sole cause of the accident.

We are mindful that in prosecutions under G. L. c. 90, § 24(2) (*a*), "the doctrine of contributory or comparative negligence has no place in the jury's consideration because it is not a defense to the crime." Nolan, Criminal Law § 574, at 378 (1976). Also see *Commonwealth* v. *Campbell*, 394 Mass. 77,

87 (1985); *Commonwealth* v. *Haley*, 23 Mass. App. Ct. 10, 14-15 (1986). However, a defendant is entitled to present evidence in such cases that he did not operate his motor vehicle negligently. Careful jury instructions (see *Commonwealth* v. *Campbell, supra*) will eliminate any confusion and prevent turning such prosecutions into civil negligence actions. Also see *Commonwealth* v. *Haley, supra* at 15.

Finally, we think that the introduction of the evidence would not unduly prolong the trial. The Commonwealth must, of course, have the opportunity to examine the witness in regard to his observations. That examination would not be too lengthy, especially where the Commonwealth undoubtedly used the observations of the officer to convict the operator of the Honda sedan in separate criminal proceedings.

The other issue raised by the defendant is without merit.

The defendant's conviction on the complaint charging him with a violation of G. L. c. 90, § 24(2)(*a*), is reversed, the verdict is set aside, and the case is remanded to the District Court for a new trial.

*So ordered.*