COMMONWEALTH *vs.* JAMES A. JONES, JUNIOR.

Middlesex.    October 1, 1934. — October 23, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Practice, Criminal,* Former jeopardy.    *Homicide.    Motor Vehicle,*
Operation.

Prosecution of an indictment charging with manslaughter an operator of
a motor vehicle which struck and killed a person was not barred by
the fact that the defendant previously had been found not guilty at
the trial in a district court of a complaint under G. L. (Ter. Ed.)
c. 90, § 24, received and sworn to after the death and charging that,
at the time when the decedent was struck, the defendant operated the
motor vehicle negligently so that the lives or safety of the public might
be endangered.

INDICTMENT, found and returned on January 5, 1934,
charging the defendant with manslaughter.

The defendant filed a plea in bar, which was heard in
the Superior Court by *Beaudreau,* J., and was overruled.
There was a verdict of guilty at the trial of the indictment.
The defendant filed an appeal with an assignment of error.

*J. D. McCarthy,* (*C. E. Daly* with him,) for the defendant.

*F. A. Crafts,* Assistant District Attorney, for the Commonwealth.

PIERCE, J.    This is an appeal under G. L. (Ter. Ed.)
c. 278, §§ 33A–33G.    On December 16, 1933, the defendant,
while operating a truck, struck one Catherine Moore.    As
a result of the injuries received Mrs. Moore died on the
same day.

On December 18, 1933, a complaint issued from the First
District Court of Eastern Middlesex charging that the
defendant "on the sixteenth day of December in the year
of our Lord one thousand nine hundred and thirty three,
at Everett, in the county of Middlesex, and within the
judicial district of said court, in and upon a certain way,
to wit: — Ferry Street, did operate a motor vehicle negli-

gently so that the lives or safety of the public might be endangered . . . ." On December 28, 1933, after trial the defendant was found not guilty and discharged.

On January 5, 1934, the defendant was indicted for manslaughter. He was arraigned on the indictment on January 12, 1934, and filed a general plea of not guilty. On January 31, 1934, he filed a plea in bar setting up as prior jeopardy an acquittal in the First District Court of Eastern Middlesex from a charge of operating a motor vehicle so that the lives and safety of the public might be endangered — a statutory misdemeanor under G. L. (Ter. Ed.) c. 90, § 24. The misdemeanor charge in the District Court arose out of the same transaction as the indictment charging manslaughter. The plea was denied on February 5, 1934, and the defendant duly saved his exception. Subsequently, a jury was empanelled and sworn to try the issue. At the close of the evidence the defendant moved that the jury be directed to return a verdict of not guilty. This motion was denied. The record does not disclose any exception taken by the defendant to the denial of this motion. The jury returned a verdict of guilty on the indictment for manslaughter, on February 12, 1934, and the defendant was sentenced to hard labor in the house of correction for two years and to pay a fine of $100.

The defendant appealed, and assigned error specifically set forth in his assignment of errors, which reads as follows: "The Superior Court erred in denying the defendant's plea in bar. The grounds upon which said claim of error is based are: That the acquittal of the defendant of the crime pleaded in bar under principles of former jeopardy barred his trial on the indictment charging manslaughter. That the acquittal of the defendant of the crime pleaded in bar under principles of *res judicata* barred the reopening of the question whether or not the conduct of the defendant had been 'wanton and reckless' since that issue had been determined in favor of the defendant at the trial of the crime pleaded in bar."

The only question involved is whether or not the trial

and acquittal of the defendant in the District Court for the statutory misdemeanor operate as a bar to the trial for manslaughter arising out of the same transaction. The defendant relies upon the ancient principle of the common law and the provision of G. L. (Ter. Ed.) c. 263, § 7, to the effect that a person shall not be held to answer on a second indictment or complaint for a crime of which he has been acquitted upon the facts and merits. He also relies upon the rule that, when a person is brought to trial and jeopardy has attached, he cannot be tried thereafter for a greater offence arising out of the same criminal act. It is commonly said that the crimes are the same if the facts necessary to prove the second crime would have warranted a conviction upon the first. *Commonwealth* v. *Roby,* 12 Pick. 496, 503. *Commonwealth* v. *Crowley,* 257 Mass. 590, 595. This principle is subject to the equally recognized exception that a single act may by legislative fiat be an offence against two statutes or against a single statute and the common law, if the statute or the common law requires proof of an additional act. The rule is also subject to the exception that a conviction or acquittal of a minor statutory offence in an inferior court does not bar prosecution for a higher crime of which the inferior court has no jurisdiction. See statement of the reasons of this exception and a collection of cases supporting the proposition in *Commonwealth* v. *McCan,* 277 Mass. 199, 205, 206. In the case at bar the offence of which the defendant was acquitted was a misdemeanor. G. L. (Ter. Ed.) c. 90, § 24, as amended by St. 1932, c. 26, § 1. A conviction required proof of specific violation of said § 24, or proof of negligent operation of a motor vehicle so that the lives or safety of the public might be endangered. The indictment under which the defendant was convicted could be satisfied only by proof that the defendant was guilty of wanton, reckless and wilful misconduct. The offence charged in the complaint differs in kind and in the proof required to support it from the offence charged in the indictment. *Altman* v. *Aronson,* 231 Mass. 588. The inferior court had no jurisdiction to consider the offence charged in the indictment. It follows that the

acquittal of the defendant of the offence charged in the complaint was not a bar to the trial of the defendant on the indictment for felony. The plea was rightly overruled.

*Verdict to stand.*