STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RAY L. SHOOPMAN, DEFENDANT-APPELLANT.

Argued December 8, 1952—Decided January 26, 1953.

*Mr. James M. Davis, Jr.,* argued the cause for appellant.

*Mr. Harold T. Parker,* Burlington County Prosecutor, argued the cause for the State.

The opinion of the court was delivered by

WACHENFELD, J.  This case comes up from the Appellate Division by reason of a dissent filed there, and the question is whether an acquittal of reckless driving will sustain a plea of *autrefois acquit* to an indictment for manslaughter based on the same facts.

The defendant was charged with unlawfully causing the death of a woman "by driving an automobile carelessly and heedlessly, in wanton disregard of the rights and safety" of the victim, contrary to the provisions of *R. S.* 2:138–9. He entered a plea of *autrefois acquit*, alleging, under oath, that complaint had been made against him in the municipal court charging him with reckless driving on the same occasion and that he was tried on the charge and found not guilty.

He alleges in the plea that the indictment is based on the same facts as the reckless driving complaint and an acquittal of one is a bar to prosecution of the other.

The County Court struck the defense, on motion, and the Appellate Division affirmed, with one judge dissenting. 20 *N. J. Super.* 354 (*App. Div.* 1952).

The minority opinion admits, contrary to its own findings, that a former conviction or acquittal of reckless driving is not considered in most jurisdictions to be a bar to a subsequent trial for manslaughter due to the same driving, but it implies the defense of double jeopardy here is more broadly available than in many of our sister states.

Reference is made to *State v. Cooper,* 13 *N. J. L.* 361 (*Sup. Ct.* 1833) ; *State v. Mowser,* 92 *N. J. L.* 474 (*E. & A.* 1919) ; *State v. Cosgrove,* 103 *N. J. L.* 412 (*E. & A.* 1927) ; and the recent case of *State v. Pennsylvania R. R. Co.,* 9 *N. J.* 194 (1952). In each of these cases, however, the trial court had jurisdiction of both the offenses charged against the accused, and the possibility of a second prosecution reflected and depended upon whether the defendant had been convicted or acquitted of another crime arising out of the same facts and circumstances.

In *State v. Pennsylvania R. R. Co., supra,* we reviewed and re-examined the cases in this State dealing with the plea of double jeopardy and commented upon the conflict existing in other jurisdictions. We reaffirmed the general rule that the test of the validity of the plea is the identity of the offenses involved, determined in the ordinary case by whether the same evidence will sustain both.

In the instant case, *R. S.* 39:4–96 makes the offense of driving an automobile "carelessly and heedlessly, in * * * wanton disregard of the rights or safety of others" a statutory violation but not a crime. It is established and defined in the Motor Vehicle Act, entitled in part "An Act providing for the regulation of vehicles, animals and pedestrians on all public roads and turnpikes * * *," and the offense of reckless driving is completed when a vehicle is operated in the manner prohibited by the statute. It is not necessary that harm to persons or property result, nor does the enactment include personal injury or death. The

regulation, as stated in its title, is designed to regulate traffic on the public roads and highways.

R. S. 2:138–9, on the contrary, defines the offense of causing death by driving an automobile carelessly and heedlessly, in wanton disregard of the rights and safety of others, and is part of the Crimes Act. Reckless driving does not of itself complete the offense; it must also be proven that death resulted from it. Because it is a crime and a graver offense than the mere violation of a regulatory statute, the penalty provided is proportionately greater.

The municipal court which acquitted the defendant of the charge of reckless driving could not have tried him for the offense charged in the indictment, it having jurisdiction over Motor Vehicle Act violations while death by reckless driving is cognizable in the County Court.

*Article I, paragraph* 11, of the *Constitution of* 1947, which substantially follows the Fifth Amendment of the United States Constitution, reads: "No person shall, after acquittal, be tried for the same offense."

Keeping in mind the constitutional provision set out, does the judgment of the court below contravene either the spirit or the language of the mandate or trespass upon fundamental justice? We think not, because "reckless driving" and "death by reckless driving" are not "the same offense." One is a crime; the other is not. Each is specifically and separately defined and the one has an element foreign to and not required in the other.

The two offenses are not identical and the evidence required to convict on the reckless driving charge, while admissible and relevant in proving the more serious offense, is not by itself sufficient to sustain the charge laid in the indictment.

This court said, in *State v. DiGiosia*, 3 *N. J.* 413 (1950):

"It is an ancient principle of the common law that one may not be twice put in jeopardy for the *same offense*. The pleas of *autrefois acquit* and *autrefois convict* are grounded on the maxim that 'a man shall * * * not be brought into danger of his life for one and the *same offense* more than once.' *Hawkins' Pleas of the Crown,*

*pp.* 515, 526. Blackstone stated the doctrine to be that 'when a man is once fairly found not guilty upon an indictment, or other prosecution, before any court having competent jurisdiction of the offense, he may plead such acquittal in bar of any subsequent accusation for the *same crime;*' it protects against a second prosecution 'for the same identical act and crime.' 4 *Blackstone's Comm.* 335, 336. Chitty said that both these pleas depend on the principle that 'no man shall be placed in peril of legal penalties more than once upon the *same accusation.*' 1 *Chitty Cr. L.* 452, 462. In civil cases at common law the principle is expressed by the maxim that no man shall be twice vexed for one and the *same cause*. In this class of cases the plea of a former judgment for the same matter, whether it be in favor of the defendant or against him, is a good bar to an action. *Ex parte Lange*, 18 *Wall.* 863, 21 *L. Ed.* 872 (1873)." (Italics supplied.)

■ The expression in *State v. Labato*, 7 *N. J.* 137 (1951), was: "It is an ancient principle of the common law that one may not be twice put in jeopardy for the *same offense.*" (Italics supplied) "The character of the offense is determined, not by the evidence which may be legally *admissible* under the complaint, but by the charge and the evidence which is *required to sustain* the charge." *Stale v. Rodgers*, 91 *N. J. L.* 212 (*E. & A.* 1917).

In *State v. Albertalli*, 112 *A.* 724 (not reported in state reports) (*Sup. Ct.* 1915), the defendant was convicted of driving at an unreasonable rate of speed and endangering life under 3 *Comp. St.* 1910, a subdivision of the Motor Vehicle Act. Subsequently he was charged with assault and battery by automobile upon the person of another, and the factual situation as to the happening of this accident was identical with that upon which the earlier conviction had been based. The court, overruling the plea of *autrefois convict*, said:

"The penalty imposed by the recorder for the violation of the Motor Vehicle Act is not the judgment of a criminal court within the meaning of such plea.

The penalties that are affixed to police and traffic regulations are such as are deemed sufficient by the Legislature to insure their observance, and hence lack the punitive and deterrent quality of the criminal law as it is administered by the criminal courts. It is the judgment of a criminal court for the same offense that prevents the second court from a reduplication of such judgment * * *" .

Similarly, in *State v. Rodgers, supra*, the defendant was charged with driving an automobile on a public street while under the influence of intoxicating liquor, in violation of *Chapter* 67 of the *Pamphlet Laws of* 1913 declaring such person to be disorderly. His conviction was set aside in the Supreme Court on the ground the evidence showed him to be guilty of the offense of public nuisance, indictable at common law, and hence the recorder had no jurisdiction. The Court of Errors and Appeals reversed, saying:

"It will be seen, therefore, that the statutory offense of driving an automobile upon the public street while under the influence of intoxicating liquor differs from a public nuisance in this: the former offense is complete when the thing prohibited by the statute has been done, whether with or without inconvenience or annoyance to the public; whilst the latter offense is not committed unless and until there is an inconvenience or annoyance to the public."

The rule, as applied, seems soundly based in logic and reason and generally prevails in other jurisdictions where like questions have arisen.

In *People v. Herbert*, 6 *Cal.* 2d 541, 58 *P.* 2d 909 (*Sup. Ct.* 1936), the defendant had been convicted and sentenced for reckless driving. Since a death had resulted, he was thereafter charged with manslaughter, the charge being based on the same identical facts upon which the conviction for reckless driving had been obtained. He entered a plea of former jeopardy, which was overruled, the court saying:

"They are not the *same* offenses nor is one, to use the language of the Penal Code, *'necessarily* included within the other.' One provides for a minor misdemeanor punishment for the violation of section 121 of an act regulating the use and operation of vehicles on streets and highways. *It makes no attempt to punish for the consequences, if any, which may flow from the act of reckless driving.* The other offense, manslaughter, is a felony and was at common law an offense *malum in se.* ٭ ٭ ٭

The facts essential to constitute the crime or offense are not the same in each offense. A violation of the regulatory provisions of the Vehicle Code prohibiting reckless driving of motor vehicles is complete upon a showing that a vehicle was recklessly driven, and it

matters not that no injury was done to persons or damage was done to property. The ingredient of manslaughter is that a human life was unlawfully taken. The offense is not complete unless death ensues from the injury within one year and a day from the day the injury is inflicted."

A like situation developed in *State v. Empey,* 65 *Utah* 609, 239 *Pac.* 25 (1925). There the defendant had been previously convicted of reckless driving and operating a motor vehicle under the influence of intoxicating liquor. It was held these convictions did not bar prosecution for manslaughter by negligent operation of an automobile based upon the same facts since the offenses were dissimilar. The court there said:

"The offense of driving an automobile on a highway in a careless and reckless manner, and at an excessive rate of speed, especially when under the influence of intoxicating liquor, was created for the very purpose of preventing collisions and consequent injury to others who may be on the highway. To the mind of the writer, it would be a mere travesty of justice to hold that because one is convicted of having driven his automobile on a public highway in a careless and reckless manner, while in a state of intoxication, that such a conviction is a bar to a charge of manslaughter which was the result of the carelessness and recklessness of the driver of the automobile. * · * *

Moreover, where certain acts are prohibited by law the prohibited acts may be punished as a separate and distinct offense, while the consequences which may, and at times do, follow, but are not necessarily the result of such prohibited acts, may likewise be punished as a separate and distinct offense."

To the same effect are *State v. Bacom,* 30 *So. 2d* 744 (*Sup. Ct. Fla.* 1947), affirmed 39 *So. 2d* 794 (*Sup. Ct.* 1949); *Commonwealth v. Maguire,* 313 *Mass.* 669, 48 *N. E. 2d* 665 (*Sup. Jud. Ct.* 1943); *State v. Fields,* 221 *N. C.* 182, 19 *S. E. 2d* 486 (*Sup. Ct.* 1942); *Cutshall v. State,* 191 *Miss.* 764, 4 *So. 2d* 289 (*Sup. Ct.* 1941); *Commonwealth v. Bergen,* 134 *Pa. Super.* 62, 4 *A. 2d* 164 (*Super. Ct.* 1939); *Commonwealth v. Jones,* 288 *Mass.* 150, 192 *N. E.* 522 (*Sup. Jud. Ct.* 1934); *Smith v. State,* 159 *Tenn.* 674, 21 *S. W. 2d* 400 (*Sup. Ct.* 1929); *People v. Wilson,* 193 *Cal.* 512, 226 *Pac.* 5 (*Sup. Ct.* 1924).

These authorities and their reasoning lead us to an affirmance, but recourse to the legislative plan in adopting the statutes in question supplies additional support and clarification.

It is inconceivable the legislative intent in adopting these separate enactments was merely to provide alternative punishments so that the imposition of one would be a bar to further prosecution, as in the *Labato* case, *supra*, for here the offenses are not identical nor are the wrongs of equal gravity.

The Legislature having established two separate offenses with different elements and different penalties, we think it cannot be logically said it designed one to be used as a bar to prevent a prosecution under the other. The rationale of the *Labato* case, *supra*, grounded as it is on the identity of the offenses, is not applicable to the facts here encountered.

Giving the customary meaning to the words and phrases employed, we think it clear the Legislature defined two separate and distinct prohibitions, one a crime under the Crimes Act for causing the death of the individual victim or victims by the operation of a vehicle in the manner prohibited, the other a regulation for the protection of the public at large as to the way and manner a motor vehicle is to be driven.

Where there are two acts on the same subject, the rule is to give effect to both, if possible, and only where they are repugnant will one cancel the other. *Bruck v. The Credit Corp.*, 3 *N. J.* 401 (1950); *Farrell v. State*, 54 *N. J. L.* 421 (*Sup. Ct.* 1892).

For the reasons herein recited, we conclude that the charge of causing death by reckless driving, as set forth in the indictment, is separate and apart from the traffic violation of which the defendant has already been acquitted. It follows the acquittal is not a bar to prosecution and hence the plea of *autrefois acquit* is not applicable.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN —6.

*For reversal*—Justice HEHER—1.