199 N.J. Super. 434 (1985)
489 A.2d 1199
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT CALVACCA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 21, 1985.
Decided March 13, 1985.
*436 Before Judges MATTHEWS, FURMAN and HAVEY.
*437 Robert C. LaSalle argued the cause for appellant (Giordano & LaSalle, attorneys).
Simon Louis Rosenbach, Assistant Prosecutor, argued the cause for respondent (Alan A. Rockoff, Middlesex County Prosecutor, attorney; Barbara C. Hassler, Assistant Prosecutor, of counsel; Simon Louis Rosenbach and Barbara C. Hassler, on the brief).
The opinion of the court was delivered by FURMAN, J.A.D.
At issue on appeal is whether defendant's conviction and sentence for drunk driving, N.J.S.A. 39:4-50, infringed his constitutional protection against double jeopardy. The conviction was his second for drunk driving. His sentence after a trial de novo on the transcript was identical to that imposed in the Municipal Court: a fine of $1,000, revocation of his driver's license for three years and a 90-day custodial term in the county jail to be served concurrently with the eight days remaining on his six-month custodial term for causing death by auto, N.J.S.A. 2C:11-5. His driver's license had been previously revoked for five years in an administrative proceeding.
Defendant also appeals from his conviction for driving on the wrong side of the highway, N.J.S.A. 39:4-82.1, and his sentence to a $100 fine and $10 costs for that offense. In his brief his double jeopardy and fundamental unfairness in sentencing arguments are directed to his conviction and sentence for drunk driving and not to his conviction and sentence for driving on the wrong side of the highway.
In the Municipal Court defendant pleaded guilty to both offenses. Before the Law Division he argued only that his sentence for drunk driving was excessive. He has not disputed throughout this proceeding that he was under the influence of intoxicating liquor when he drove his motor vehicle into a head-on collision with a motor vehicle driven by Edward DeVestern in the center of three southbound lanes of Route 9 in *438 Woodbridge Township sometime after midnight on November 4, 1981. DeVestern was killed as the result of the accident. Defendant's motor vehicle had been travelling on the wrong side of Route 9, northbound in the southbound lanes. His blood alcohol content less than an hour and a half later was .148%, giving rise to a presumption that he was under the influence of intoxicating liquor pursuant to N.J.S.A. 39:4-50.1, as it was then in effect.
His prosecution for drunk driving and driving on the wrong side of the highway, motor vehicle offenses, followed his conviction for causing death by auto, a criminal offense, upon a jury verdict of guilty, his sentence to a three-year probationary term conditioned upon his serving a six-month custodial term, and his unsuccessful appeal from that conviction and sentence. During the pending of the appeal his sentence was stayed.
In the two lower courts, as well as before us, defendant pressed the issue of the fundamental unfairness of his custodial sentence for drunk driving. That issue was preserved for appeal. On the record we conclude that defendant waived his alternative issue of double jeopardy, which he failed to raise below, as a defense to his prosecution for the motor vehicle offenses. R. 3:10-2, which is applicable in the Municipal Court under R. 7:4-2(e), provides:
The defense of double jeopardy and all other defenses and objections based on defects in the institution of the prosecution or in the indictment or accusation, except as otherwise provided by R. 3:10-3 (defenses which may be raised only before or after trial) and R. 3:10-4 (lack of jurisdiction), must be raised by motion before trial. Failure to so present any such defense constitutes a waiver thereof, but the court for good cause shown may grant relief from the waiver.
In any event, we are of the view that the defense of double jeopardy would be of no avail to defendant on appeal from his conviction for drunk driving, notwithstanding double jeopardy is applicable to motor vehicle, as well as criminal, offenses, State v. Dively, 92 N.J. 573, 586 (1983).
*439 The test for double jeopardy set down in Illinois v. Vitale, 447 U.S. 410, 416-417, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980), was specifically approved in Dively. Double jeopardy applies not only to dual prosecutions for the same offense but also to prosecutions for a lesser offense after conviction or acquittal of a greater offense and to prosecutions for a greater offense after conviction or acquittal of a lesser offense. Double jeopardy is a bar if the lesser offense requires no proof beyond that required to prove the greater offense and proof of the greater offense establishes the lesser offense. Double jeopardy is not a bar if each offense requires proof of an additional fact which the other does not require.
At the time of defendant's collision with DeVestern's motor vehicle, the death by auto statute, N.J.S.A. 2C:11-5, proscribed as criminal homicide causing death by driving a motor vehicle "carelessly and heedlessly, in willful or wanton disregard of the rights or safety of others." The quoted language was deleted and replaced by the single word "recklessly" by amendment, L. 1981, c. 312, § 1, effective December 3, 1981.
As the Prosecutor acknowledges, proof of defendant's drunkenness would have been insufficient by itself to establish that he was operating his motor vehicle "carelessly and heedlessly, in willful or wanton disregard of the rights or safety of others." The operation of his motor vehicle by travelling northbound in the southbound lanes of Route 9 in fact caused the fatal accident. Defendant's drunkenness was evidential only as to the element of wantonness, but a jury verdict of guilty could have been reached and would have been sustainable solely on the proof that defendant was driving on the wrong side of Route 9, irrespective of his drunken condition. In charging the jury in the death by auto trial, the trial judge paraphrased N.J.S.A. 39:4-50 and 50.1, which define the motor vehicle offense of drunk driving, but cautioned that a finding by the jury that defendant had violated the drunk driving *440 statute would not itself be conclusive of his guilt of death by auto but only "a circumstance to be considered with all the other facts and circumstances of the case."
Dively does not compel a contrary view. There double jeopardy was held to bar a subsequent death by auto prosecution after a motor vehicle conviction for violation of N.J.S.A. 39:4-50, into which the Municipal Court judge had merged the motor vehicle offenses of failure to keep right and reckless driving. That merger distinguishes Dively from the appeal before us. Significantly, the Supreme Court noted in footnote 7 at 92 N.J. 583: "Driving while drunk does not necessarily translate into reckless driving."[1]
We likewise reject defendant's argument that his subsequent drunk driving prosecution was barred under N.J.S.A. 2C:1-8 because of failure to join it with the death by auto prosecution. Mandatory joinder under N.J.S.A. 2C:1-8 is inapplicable to motor vehicle offenses.
We take a differing view of the issue raised by defendant that the 90-day custodial sentence imposed on him, consecutive except for eight days, was excessive and an infringement of his right to fundamental fairness in sentencing, a doctrine related to but somewhat broader in its application than the constitutional safeguard against double jeopardy. Defendant urges that he should not have been sentenced twice to custodial terms for the identical wrongful conduct.
The trial judge stressed defendant's drunkenness at the time of the fatal accident in sentencing him to six months incarceration for causing death by auto, a fourth degree crime to which the presumption against incarceration under N.J.S.A. 2C:44-1e *441 applied. The fair intendment of his comments at sentencing was that, without the factor of drunkenness, he would not have imposed a custodial sentence. A parallel approach was taken by a second trial judge in sentencing defendant for drunk driving; the fatality in the accident caused by defendant was a predominant factor in his imposition of the 90-day county jail sentence.
We conclude based on the record that defendant's additional 82-day custodial term for drunk driving constituted fundamentally unfair dual punishment for causing death by auto while in an intoxicated state. We vacate that provision of his sentence. We affirm his conviction and otherwise affirm his sentence.
NOTES
[1] A separate argument is not brought before us that double jeopardy principles barred the prosecution for driving on the wrong side of the highway. Arguably that offense, unlike drunk driving, was a necessary element of the criminal offense of causing death by auto and was established by the criminal conviction against defendant.