208 N.J. Super. 422 (1986)
506 A.2d 55
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
LINDA DELUCA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 28, 1986.
Decided March 6, 1986.
*424 Before Judges MICHELS, GAULKIN and STERN.
Mark J. Cassidy, Assistant Ocean County Prosecutor, argued the cause for appellant (Edward J. Turnbach, Ocean County Prosecutor, attorney; Mark J. Cassidy, of counsel and on the brief).
Christopher J. LaMonica argued the cause for respondent (Wilbert & Montenegro, attorneys; Christopher J. LaMonica, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
*425 Plaintiff State of New Jersey (State) appeals from a judgment of the Law Division that dismissed a Dover Township Municipal Court complaint charging defendant Linda DeLuca (defendant) with operating a motor vehicle while under the influence of alcohol, a violation of N.J.S.A. 39:4-50. Judge Giovine, in the Law Division, held that requiring defendant to face trial on the driving while under the influence of intoxicating liquor charge (N.J.S.A. 39:4-50) would constitute double jeopardy, in light of her prior acquittal on a death by auto charge (N.J.S.A. 2C:11-5), which arose from the same incident. We agree and affirm.
As a result of a fatal motor vehicle accident involving a pedestrian which occurred on January 29, 1984, defendant was issued two summonses by the Dover Township Police Department. One summons charged defendant with operating a motor vehicle while under the influence of alcohol, in violation of N.J.S.A. 39:4-50. The other charged her with reckless driving, in violation of N.J.S.A. 39:4-96. In addition, subsequently, on April 4, 1984, the Ocean County Grand Jury indicted defendant and charged her with death by auto, in violation of N.J.S.A. 2C:11-5. Defendant was first tried on the death by auto charge in the Law Division, where she was acquitted by a jury.
Following this acquittal, prosecution was commenced in the Dover Township Municipal Court, where the driving while intoxicated and reckless driving charges had been stayed pending the outcome of the trial on the indictable offense. Defendant moved before the municipal court to dismiss both charges, alleging that prosecution under N.J.S.A. 39:4-50 (driving while intoxicated) and N.J.S.A. 39:4-96 (reckless driving) would be violative of the double jeopardy clauses of both the Federal and State Constitutions. Although the State conceded that double jeopardy barred prosecution of the reckless driving charge, it argued that it did not bar prosecution of the driving while intoxicated charge. The municipal court agreed and granted *426 defendant's motion to dismiss the reckless driving charge. However, it denied her motion to dismiss the driving while intoxicated charge, concluding that there was no double jeopardy violation since operating a motor vehicle while under the influence of alcohol did not constitute a lesser included offense of death by auto.
Pursuant to leave granted by the Law Division, defendant thereafter appealed the municipal court determination on the ground of double jeopardy. After hearing oral arguments, but before reaching his decision on the double jeopardy issue, the Law Division judge spoke with the assistant prosecutor who had presented the prior death by auto case to the jury. The assistant prosecutor confirmed, as defendant had asserted, that the proofs in the death by auto case went to the element of recklessness and were limited solely to matters dealing with defendant's intoxication. The Law Division judge thereupon granted defendant's motion and dismissed the driving while intoxicated charge, finding that prosecution of the charge would constitute double jeopardy, in light of defendant's acquittal for death by auto. The State appealed.
On appeal the State contends that the Law Division judge erred in dismissing the driving while intoxicated charge since the prosecution of that offense was not barred by principles of double jeopardy. The constitutional principles, upon which the State relies, are found within the Double Jeopardy Clause of the Fifth Amendment to the Federal Constitution which provides that no person shall "be subject, for the same offense, to be twice put in jeopardy of life and limb...." U.S. Const., Amend. V. The Constitution of this State contains a narrower double jeopardy proscription which provides that "[n]o person shall, after acquittal, be tried for the same offense." N.J. Const. (1947), Art. I, par. 11. These constitutional provisions have been construed to be coextensive in application. State v. Dively, 92 N.J. 573, 578 (1983); State v. Barnes, 84 N.J. 362, 370 (1980); State v. Rechtschaffer, 70 N.J. 395, 404 (1976). Such a construction is compelled, at least in part, because the *427 Fifth Amendment proscription of double jeopardy has been held enforceable against the states by virtue of the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707, 716 (1969).
In considering the scope of the Double Jeopardy Clause, the United States Supreme Court has set forth three separate constitutional protections found to be embodied within:

[The clause] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. [North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed. 656, 664-665 (1969) (Emphasis supplied and footnotes omitted)].
It is, of course, the first protection listed above which is most relevant to the issue raised by the State on this appeal. However, whatever the sequence of the various prosecutions may be, the Fifth Amendment forbids successive prosecution where principles of double jeopardy are applicable. See Brown v. Ohio, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187, 196 (1977).
The Double Jeopardy Clause ensures that "the State shall not be permitted to make repeated attempts to convict the accused, `thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity....'" State v. Barnes, supra, 84 N.J. at 370 (citing Green v. United States, 355 U.S. 184, 187-188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199, 204 (1957)). Accordingly, it is clear that "[a] State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense." Green v. United States, supra, 355 U.S. at 187, 78 S.Ct. at 223, 2 L.Ed.2d at 204.
Although there can be no doubt of the value of such a constitutional safeguard against multiple prosecutions, courts have long wrestled with the difficulty of determining when they are confronted with "the same offense", as contemplated by the Double Jeopardy Clause.

*428 The significance of the term "same offense" is not limited to the same offense as an entity and designated as such by legal name, but it comprehends any integral part of such offense which may subject the offender to indictment and punishment. (citation omitted). Where a lesser offense is a necessary ingredient or component part of the principal or greater offense and grows out of the same transaction, conviction or acquittal of the lesser bars further prosecution for the greater crime. [State v. Williams, 30 N.J. 105, 114 (1959) (Emphasis supplied)].
See also State v. Wolf, 46 N.J. 301, 303 (1966).
In State v. Currie, 41 N.J. 531, 537-539 (1964), the New Jersey Supreme Court set forth the "same transaction", "same evidence" and "included offense" tests, along with supporting case law, in an effort to show the futility of adopting a single legal test to be applied in double jeopardy analysis. See also State v. Davis, 68 N.J. 69, 81 (1975) (while a distinct standard for determining the existence of same offenses would be desirable, court recognized probable futility of this goal). Cf. State v. Gregory, 66 N.J. 510, 517 (1975) (narrow and mechanical application of traditional tests could result in harassment of defendant or frustration of the State's goals of bringing guilty to justice). Instead, the Currie Court concluded:
In applying the prohibition against double jeopardy, the emphasis should be on underlying policies rather than technisms. The primary considerations should be fairness and fulfillment of reasonable expectations in the light of the constitutional and common law goals. [41 N.J. at 539].
See also State v. Rechtschaffer, supra, 70 N.J. at 405 ("manifest necessity" and "the ends of public justice" are the guidelines and goals under the circumstances of each case); State in Interest of S.Z. and M.C., 177 N.J. Super. 32, 36 (App.Div. 1981) ("Fairness and reasonable expectation in light of constitutional and common law goals should control, not technicalities.")
Each case, therefore, must be considered in light of its own particular facts and circumstances, in order that a court may determine whether a bar of double jeopardy should be applied. Here, the critical question is whether the motor vehicle infraction of driving while intoxicated, in violation of N.J.S.A. 39:4-50, is the "same offense", for double jeopardy purposes, as the criminal charge of death by auto, a violation of *429 N.J.S.A. 2C:11-5. Initially, it must be noted that, at present, it is clear that principles of double jeopardy are applicable to both motor vehicle and criminal offenses. State v. Dively, supra, 92 N.J. at 586. See also State v. Calvacca, 199 N.J. Super. 434, 438 (App.Div. 1985); State v. Tropea, 78 N.J. 309, 314-316 (1978); State v. Lanish, 103 N.J. Super. 441, 444 (App.Div. 1968), aff'd o.b., 54 N.J. 93 (1969). Cf. State v. Laird, 25 N.J. 298, 302-303 (1957). This has not always been the case, however, since prior case law, now disapproved, drew a sharp distinction between crimes and motor vehicle laws, for purposes of double jeopardy analysis. See, e.g., State v. Shoopman, 20 N.J. Super. 354, 358-359 (App.Div. 1952), aff'd, 11 N.J. 333 (1953) (prosecution for violation of Motor Vehicle Act and prosecution for violation of Crimes Act not violative of double jeopardy); State v. Van Landuyt, 157 N.J. Super. 469, 475 (App.Div. 1978) (principles of double jeopardy not offended where defendant previously convicted of Motor Vehicle Act violation is indicted for violation of criminal law).
In light of the New Jersey Supreme Court's express approval of the application of double jeopardy principles to criminal charges and motor vehicle infractions alike, State v. Dively, supra, 92 N.J. at 586, we must first determine whether the two relevant violations in the within matter may be properly considered as the "same offense" for analysis purposes. Defendant has already been acquitted of the criminal charge of death by auto in violation of N.J.S.A. 2C:11-5. This statute provides, in pertinent part, that "[c]riminal homicide constitutes death by auto when it is caused by driving recklessly." (Emphasis supplied).
The term "recklessly", as used within this statute, is defined in N.J.S.A. 2C:2-2:
A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a *430 gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation. [N.J.S.A. 2C:2-2b(3)].
Accordingly, the three following essential elements must be proven beyond a reasonable doubt to find a defendant guilty of death by auto: "(1) That defendant was driving a vehicle; (2) That defendant caused the death of [a victim]; and (3) That defendant caused such death by driving the vehicle recklessly." Proposed Model Jury Charge, Death By Auto, N.J.S.A. 2C:11-5 (Revised March 5, 1984).
On the other hand, "[a] person who operates a motor vehicle while under the influence of intoxicating liquor ... or operates a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in the defendant's blood" may be found guilty of the motor vehicle infraction of driving while intoxicated. N.J.S.A. 39:4-50(a). This violation requires proof that an individual was operating a motor vehicle while her "physical coordination or mental faculties [were] deleteriously affected" by alcohol. State v. Emery, 27 N.J. 348, 355 (1958). See also State v. Johnson, 42 N.J. 146, 169 (1964). The essence of the offense of driving while intoxicated, therefore, is the impaired condition of defendant's physical coordination or mental faculties, rather than the manner in which she is driving. Consequently, while recklessness or reckless driving may be one relevant factor in determining whether an individual is driving while intoxicated, it is not a necessary ingredient.
In Illinois v. Vitale, 447 U.S. 410, 411, 100 S.Ct. 2260, 2262, 65 L.Ed.2d 228, 232 (1980), the United States Supreme Court considered whether the Double Jeopardy Clause of the Fifth Amendment would prohibit the prosecution of the greater offense of involuntary manslaughter where there had been a previous conviction for a lesser offense of failing to reduce speed. In determining whether these two charges constituted the "same offense" for double jeopardy purposes, the Vitale Court first acknowledged that the "principal test" was established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) and had been restated in Brown v. *431 Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). Under this test:
[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. [Blockburger v. United States, supra, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309].
The Blockburger test is, therefore, elemental or statutory in nature since it "focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial." Illinois v. Vitale, supra, 447 U.S. at 416, 100 S.Ct. at 2265, 65 L.Ed.2d at 235 (Emphasis supplied). Thus, if each statutory violation requires proof of a fact that the other does not, the Blockburger test is satisfied.
The Supreme Court did not, however, rest its decision in Illinois v. Vitale, solely upon the elemental or statutory double jeopardy test of Blockburger. Instead, the Court concluded that it would be important to determine exactly what evidence the State of Illinois would rely upon in its prosecution of the second offense. Illinois v. Vitale, supra, 447 U.S. at 420-421, 100 S.Ct. at 2267, 65 L.Ed.2d at 238. In reaching this conclusion, the Vitale Court relied on the double jeopardy analysis which had been set forth in its earlier decision in Brown v. Ohio, supra.
The Brown Court had found that a second prosecution for the greater crime of auto theft was barred by an earlier conviction for joyriding, a lesser crime, by operation of the Double Jeopardy Clause and the Fourteenth Amendment. In reaching this decision, the Court specifically noted:
The prosecutor who has established joyriding need only prove the requisite intent in order to establish auto theft; [and] the prosecutor who has established auto theft necessarily has established joyriding as well. [432 U.S. at 167-168, 97 S.Ct. at 2226, 53 L.Ed.2d at 195 (Emphasis supplied)].
The emphasized language set forth in the above citation was considered to be essential to the Brown holding. Illinois v. Vitale, supra, 447 U.S. at 417, 100 S.Ct. at 2265, 65 L.Ed.2d at 236. Writing for the Court in Vitale, Justice White explained:

*432 Had the State been able to prove auto theft, without also proving that the defendant took, operated, or kept the auto without the consent of the owner  if proof of the auto theft had not necessarily involved proof of joyriding  the successive prosecutions would not have been for the "same offense" within the meaning of the Double Jeopardy Clause. [Ibid. (Emphasis supplied)].
In emphasizing these evidential factors, the Vitale Court apparently established a second set of criteria which must be considered integral to double jeopardy analysis. Such evidential analysis must, however, be based upon more than the "mere possibility" that the State will rely on the same ingredients in two separate prosecutions. Illinois v. Vitale, supra, 447 U.S. at 419, 100 S.Ct. at 2266, 65 L.Ed.2d at 237. Furthermore, in writing for the Vitale Court, Justice White noted that if the same evidence were to be presented in a subsequent prosecution, a defendant "would have a substantial claim of double jeopardy under the Fifth and Fourteenth Amendments of the United States Constitution." Id. at 421, 100 S.Ct. at 2267, 65 L.Ed.2d at 238 (Emphasis supplied).
The Supreme Court of New Jersey has recently applied the double jeopardy analysis, as refined in Illinois v. Vitale, supra, in State v. Dively, 92 N.J. 573 (1983), which involved dual prosecutions for driving while intoxicated and death by auto. Defendant in Dively had been issued municipal court summonses for: (1) drunk driving, in violation of N.J.S.A. 39:4-50; (2) driving without a license, in violation of N.J.S.A. 39:3-10; (3) reckless driving, in violation of N.J.S.A. 39:4-96; (4) failure to keep right, in violation of N.J.S.A. 39:4-82; and (5) driving after license revocation, in violation of N.J.S.A. 39:3-40. The municipal court judge later merged the charges for reckless driving and failure to keep right into the drunk driving charge, finding that the two former charges were acts of a lesser nature which were included within the drunk driving charge. Defendant then pleaded guilty to the three remaining charges and was sentenced accordingly.
After sentence was imposed, defendant was indicted for causing death by auto, then a violation of N.J.S.A. 2A:113-9, as *433 a result of the same accident which was the subject of the municipal court complaints. Relying on Illinois v. Vitale, supra, defendant moved for dismissal of this indictment on the ground of double jeopardy. Despite the prosecutor's concession that the "same evidence that would have been offered on the complaints in the municipal court would have been used to prove defendant's guilt of death by auto," the motion was denied and an appeal followed. In considering the merits of defendant's double jeopardy argument, the Dively Court relied heavily upon the analysis set forth in Illinois v. Vitale, supra, noting that the United States Supreme Court had there "meticulously [drawn] attention to the proposition that not only must the lesser-included offense require no proof beyond that required in the greater offense, but also the proof of the greater offense must establish the lesser offense." 92 N.J. at 581 (citing Illinois v. Vitale, supra, 447 U.S. at 417, 100 S.Ct. at 2266, 65 L.Ed.2d at 236). Thus, according to Dively, it is only when both prongs of the analysis are satisfied that double jeopardy may bar a subsequent prosecution. 92 N.J. at 581.
In Dively, the Supreme Court's evaluation of the statutory elements of the motor vehicle offense of reckless driving and the crime of death by auto, as well as its evaluation of the evidence used to prove (or to be used to prove) these elements, led to its conclusion that defendant's municipal court conviction for reckless driving was a lesser included offense of death by auto. With respect to the statutory elements, each statute required proof that defendant drove "heedlessly, in wilful [sic] or wanton disregard of the safety of others." 92 N.J. at 582. Death by auto required only this showing, plus evidence of the death of a victim. Thus, since there was no element required for proof of the motor vehicle violation which was not also required to prove the indictable offense, on this prong of the analysis, the Dively defendant prevailed. The evidential analysis to satisfy the second prong was even simpler, since the prosecutor had conceded that the state would rely on the same evidence offered on the complaints in municipal court to prove *434 defendant's guilt of death by auto. Since both prongs of the analysis were satisfied, defendant in Dively prevailed on double jeopardy grounds.
Application of the two prong analysis is not as simple here as it was in Dively, however, since in this case defendant was indicted and acquitted of the crime of death by auto and also charged with the motor vehicle offense of driving while intoxicated. With respect to the first prong's statutory or elemental analysis, driving while intoxicated is not a lesser included offense of death by auto, since the criminal violation requires recklessness and not drunkenness. Each charge, therefore, requires proof of an additional fact which the other does not. See Blockburger v. United States, supra, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. A violation of N.J.S.A. 39:4-50 necessitates a showing that an individual was intoxicated and his abilities were impaired due to the ingestion of alcoholic beverage. However, a statutory violation of N.J.S.A. 2C:11-5 does not require proof of intoxication. State v. Casele, 198 N.J. Super. 462, 472 (App.Div. 1985). Conversely, proof of death by auto necessitates a showing that a victim has died, while no such requirement is contained within N.J.S.A. 39:4-50. Consequently, here the Blockburger test would not operate to bar a second prosecution.
However, in light of Illinois v. Vitale, the actual evidence in the matter now under review must be examined in an effort to ascertain if the first prosecuted greater offense was based on proofs which would have established the lesser offense. Illinois v. Vitale, supra, 447 U.S. at 420-421, 100 S.Ct. at 2267, 65 L.Ed.2d at 238. If the evidence is the same, defendant would have a "substantial claim" of double jeopardy even if the two offenses are not "the same" under the Blockburger test. Ibid. Although proof of the recklessness element of death by auto does not always involve evidence of driving while under the influence of intoxicating liquor, here the assistant prosecutor, who tried the prior death by auto case, conceded *435 that the State's "proofs that went to the element of recklessness were limited solely to those matters dealing with defendant's intoxication." Accordingly, since the evidence to be presented in the drunken driving prosecution of this defendant would involve the same proofs that were presented to establish the prior offense of death by auto, defendant has a "substantial" double jeopardy claim under Vitale.
Although there is some troublesome language in the Dively decision which suggests that a defendant must prevail on both elemental and evidential analyses in order to prevail on double jeopardy grounds, see 92 N.J. at 581 ("It is only when both prongs are met that double jeopardy applies."), this general statement must be considered in light of other pronouncements set forth within the opinion. For example, the Dively Court specifically noted that there may be double jeopardy evidential analyses in which proof of drunkenness is the sole evidence that a defendant drove recklessly:
Driving while drunk does not necessarily translate into reckless driving. It is possible that a vehicle operated by an inebriated driver is not driven recklessly and obviously there are drivers who are reckless but not drunk. [92 N.J. at 583 n. 7].
By including this footnote in the text, the Dively Court impliedly acknowledged that there might be cases, such as this, in which recklessness and drunkenness would be deemed equivalent. In such situations, "despite the [S]tate's likely victory over the defendant on the first prong, the Dively Court apparently harbor[ed] some concern that some defendants may prevail on the double jeopardy claim by virtue of the evidential analysis and the Vitale reservation." Etzweiler, The Dively Dilemma, 8 Crim.Just.Q. 76, 85 (1983). Therefore, in the Dively opinion itself we find an indication of an implied exception to the Court's own general assertion that both elemental and evidential analyses must be met before double jeopardy applies.
In addition, in addressing the administrative problems which occur when complaints filed in municipal court involve factual *436 situations out of which indictable offenses may also arise, the Dively Court stated:
[W]e are issuing a directive to all municipal court judges to withhold actions on drunk driving incidents involving personal injuries until clearance to proceed has been obtained from the county prosecutor. Where death occurs, we expect a drunk driver in the future to be charged with and tried for the greater offense of death by auto. [92 N.J. at 590 (Emphasis supplied)].
Implicit in this statement is the understanding that, if the initial prosecution is for death by auto, a subsequent prosecution for drunk driving could be barred on double jeopardy grounds.
The conclusion that defendant here should be barred from a subsequent prosecution for driving while intoxicated, due to her prior acquittal on death by auto charges, is consistent with the analysis made by this court in State v. Calvacca, 199 N.J. Super. 434 (App.Div. 1985). In Calvacca, we considered whether a defendant's conviction and sentence for drunk driving infringed on his constitutional protection against double jeopardy where the prosecution for this motor vehicle offense followed a conviction for causing death by auto. Writing for the court in Calvacca, Judge Furman set forth the Vitale analysis for double jeopardy, which was approved in Dively, noting:

Double jeopardy applies not only to dual prosecutions for the same offense but also to prosecutions for a lesser offense after conviction or acquittal of a greater offense and to prosecutions for a greater offense after conviction or acquittal of a lesser offense. Double jeopardy is a bar if the lesser offense requires no proof beyond that required to prove the greater offense and proof of the greater offense establishes the lesser offense. Double jeopardy is not a bar if each offense requires proof of an additional fact which the other does not require. [199 N.J. Super. at 439 (Emphasis supplied)].
Applying this analysis, Calvacca rejected defendant's double jeopardy argument. At the time of defendant's accident, the death by auto statute, N.J.S.A. 2C:11-5, proscribed as criminal homicide causing death by driving a motor vehicle "carelessly and heedlessly, in willful or wanton disregard of the rights or safety of others." Therefore, proof of defendant's drunkenness alone was considered insufficient to establish defendant's guilt of death by auto since it "was evidential only as to the element of wantonness." 199 N.J. Super. at 439 We, therefore, *437 concluded that "a jury verdict of guilty [for death by auto] could have been reached and would have been sustainable solely on the proof that defendant was driving on the wrong side of [the road], irrespective of his drunken condition." Ibid.
Here, however, the identical nature of the proofs to be presented in the prosecution of the driving while intoxicated charge (N.J.S.A. 39:4-50) and the absence of a special verdict in the prior trial on the death by auto charge (N.J.S.A. 2C:11-5), which would indicate the jury's specific finding as to defendant's intoxication, compel the conclusion that principles of double jeopardy bar the further prosecution of defendant for driving while intoxicated.
Affirmed.