243 N.J. Super. 688 (1990)
581 A.2d 142
STATE OF NEW JERSEY, PLAINTIFF,
v.
MICHAEL J. ORIOLE, DEFENDANT.
Superior Court of New Jersey, Law Division Middlesex County.
Decided August 10, 1990.
*689 Nicholas F. Sewitch Prosecutor for plaintiff (Alan A. Rockoff, Prosecutor of Middlesex County, Attorney).
F. Kevin Lynch for defendant.
HOFFMAN, J.S.C.
The novel issue in this case is whether State v. Tischio, 107 N.J. 504, 527 A.2d 388 (1987) bars extrapolation evidence in *690 prosecutions under The Code of Criminal Justice, Title 2C; more particularly, N.J.S.A. 2C:12-1b(1) and -1c. Tischio held that extrapolation evidence was impermissible in per se violations of N.J.S.A. 39:4-50(a), provided the breathalyzer test was conducted within a reasonable period after the time of operation. Does that rule, however, prohibit extrapolation under other statutes? Does Tischio represent a blanket prohibition to all extrapolation evidence, under all circumstances? I hold that it does not. The defense motion to exclude such evidence is accordingly denied.
The facts of this case are uncomplicated. The State alleges that defendant was operating his vehicle at approximately 12:44 a.m. when it collided head-on with another vehicle. It is claimed that defendant was operating his automobile on the wrong side of the road. As a result of the collision, three victims, including a four-year-old child, each sustained serious bodily injury.
The police officer at the scene observed that defendant evinced signs of inebriation, including slowed speech and the smell of alcohol. Defendant stated to police that he had consumed six beers an hour before the collision. Blood samples were drawn from defendant for medical treatment purposes at 2:27 a.m., and another blood sample was drawn from defendant for law enforcement purposes at 3:10 a.m. Defendant's blood-alcohol concentration at 2:27 a.m. was 0.077%; at 3:10 a.m. it was 0.055%. Defendant was subsequently indicted for violating N.J.S.A. 2C:12-1b(1) and -1c.
N.J.S.A. 39:4-50(a) states:
A person who operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, or operates a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in the defendant's blood ... shall be subject [to fines as detailed].
The quoted statute is composed of two distinct and different prongs: first, the "under the influence" prong, and second, the "with a blood alcohol concentration (BAC) of 0.10% or more" prong. Culpability under the statute may be based *691 either on (1) conduct as a result of being under the influence of alcohol at the time of the wrongful act, or (2) the per se intoxication rule which was the issue in State v. Tischio.
Defendant's argument that Tischio bars extrapolation evidence in the instant case misreads Tischio. This Court interprets Tischio as relating strictly to the per se second prong of N.J.S.A. 39:4-50(a).
The Court in Tischio held that, provided the breathalyzer test was administered within a reasonable period of time, the BAC test result is the definitive and only BAC evidence admissible at trial. It is impermissible to extrapolate to show what the driver's BAC was at the time of operation, if the BAC test result was equal to or greater than 0.10%. The Supreme Court of New Jersey reached its ruling for "overriding considerations of public policy," Tischio, 107 N.J. at 509, 527 A.2d 388, and was not persuaded by the argument that defendant Tischio may have had a BAC of less than 0.10% at the time of operation. The Court "rule[d] that it is the blood-alcohol level at the time of the breathalyzer test that constitutes the essential evidence of the offense ... [and] that extrapolation evidence is not probative of this statutory offense [i.e., the second prong or presumptive provision of N.J.S.A. 39:4-50(a)] and hence is not admissible." Tischio, 107 N.J. at 506, 527 A.2d 388. The thrust of the decision was that "`The law was not intended to encourage a perilous race to reach one's destination, whether it be home or the next bar, before the blood alcohol concentration reaches the prohibited level.'" Id. at 519, 520, 527 A.2d 388 (quoting from State v. Tischio, 208 N.J. Super. 343, 348, 506 A.2d 14 (App.Div. 1986)). A defendant whose blood-alcohol level measures 0.10% or more when the test is administered within a reasonable time of driving is convictable without any showing that he or she was driving in a reckless manner. State v. DeLuca, 208 N.J. Super. 422, 506 A.2d 55 (App.Div. 1986), rev'd on other grounds, 108 N.J. 98, 527 A.2d 1355, cert. den. 484 U.S. 944, 108 S.Ct. 331, 98 L.Ed.2d 358. "The Legislature has *692 determined that a person who drives after drinking a sufficient amount of alcohol to result in a blood-alcohol level of .10% is a menace to himself and to others who use this State's roadways." Tischio, 107 N.J. at 516, 517, 527 A.2d 388.
Prohibiting extrapolation in every circumstance, however, is not ruled out by the Tischio decision. Tischio neither addresses nor bars extrapolation under the first prong of N.J.S.A. 39:4-50(a) or other statutes. In contrast to the Tischio holding relative to the per se second prong of N.J.S.A. 39:4-50(a), at issue in this case is whether defendant's operation of a motor vehicle was unreasonable or reckless conduct.
Oriole is charged with committing two different offenses: violating N.J.S.A. 2C:12-1b(1), and violating N.J.S.A. 2C:12-1c. He is also charged with driving while intoxicated under the first prong of N.J.S.A. 39:4-50(a).
N.J.S.A. 2C:12-1b states:
A person is guilty of aggravated assault if he:
(1) Attempts to cause serious bodily injury to another, or causes such injury purposely or knowingly, or under circumstances manifesting extreme indifference to the value of human life recklessly causes such injury.
N.J.S.A. 2C:12-1c states:
A person is guilty of assault by auto when the person drives a vehicle recklessly and causes either serious bodily injury or bodily injury to another.
In contrast to intoxication, presumed under the second prong of N.J.S.A. 39:4-50(a), recklessness is not presumed, but rather must be proven. The question facing the court is whether defendant's level of intoxication is probative on the issue of recklessness; if so, intoxication at what time? This court holds that extrapolation evidence is probative on the culpability element of the offenses with which defendant has been charged and is admissible. Furthermore, the level of intoxication which is probative on the element of recklessness is the level at the time of the purported reckless behavior.[1]
*693 It has been estimated that "chances of having an accident increase 2 times [with] .05% blood-alcohol concentration and 7 times [with] .10% blood-alcohol concentration." Fitzgerald and Hume, Intoxication Test Evidence (1987) at 489 (quoting from "The ABC's of Drinking and Driving").
N.J.S.A. 2C:2-2b(3) defines recklessly as follows:
A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.
As applied to this case, N.J.S.A. 2C:12-1b requires proof of two elements: (1) that the actor caused the serious bodily injury of another, and (2) that he caused it under circumstances manifesting extreme indifference to human life, recklessly. There are two elements which must be proved under N.J.S.A. 2C:12-1c: (1) driving a vehicle recklessly, and (2) causing serious bodily injury to another. Recklessly under circumstances manifesting extreme indifference to human life differs from reckless in that the former entails a probability of serious bodily injury while under the latter there is a mere possibility. See State v. Curtis, 195 N.J. Super. 354, 364, 479 A.2d 425 (App.Div. 1984), certif. den. 99 N.J. 212, 491 A.2d 708 (1984).
Extrapolating from two blood-alcohol readings back to the time of operation of the automobile is the only means of showing how high the defendant-driver's blood-alcohol concentration was at the time he collided his vehicle with that of the *694 victims, and hence a primary, highly probative means of demonstrating that he was driving while intoxicated, and thus, acting recklessly.
In State v. Labrutto, 114 N.J. 187, 553 A.2d 335 (1989), the Court held:
While `[i]ntoxication is not necessarily an element of the crime of committing death by auto, a defendant's driving while intoxicated may [by itself] support a determination of recklessness.' State v. Casele, 198 N.J. Super. 462, 472 [487 A.2d 765] (App.Div. 1985) ... See State v. Dively, 92 N.J. 573, 583, n. 7 [458 A.2d 502] (1983) (drunk driving does not necessarily equate with reckless driving) (emphasis added). Accordingly, a reasonable jury may use a defendant's drunken state as evidence of his reckless driving. [114 N.J. at 204, 553 A.2d 335]
"[E]vidence that defendant made a decision to drive while highly intoxicated and drove in an extremely reckless manner was sufficient to support his conviction for aggravated manslaughter. [also citing Casele.]" State v. Radziwil, 235 N.J. Super. 557, 570, 563 A.2d 856 (App.Div. 1989).
The court in State v. Calvacca, 199 N.J. Super. 434, 489 A.2d 1199 (App.Div. 1985), stated that originally "the death by auto statute, N.J.S.A. 2C:11-5, proscribed ... causing death by driving a motor vehicle `carelessly and heedlessly, in willful or wanton disregard of the rights or safety of others.' The quoted language was deleted and replaced by the single word `recklessly' by amendment ... effective ... 1981." Id. at 439, 489 A.2d 1199. Although "proof of defendant's drunkenness would ... [be] insufficient by itself to establish that he was operating his motor vehicle `carelessly and heedlessly, in willful or wanton disregard of the rights or safety of others' ... a finding by the jury that defendant had violated the drunk driving statute would ... be ... `a circumstance to be considered with all the other facts and circumstances of the case.'" Id. at 439-440, 489 A.2d 1199.
It is clear from the case law that drunken driving and reckless conduct are not synonymous. See State v. Figueroa, 212 N.J. Super. 343, 515 A.2d 242 (App.Div. 1986). The latter is a far more extensive term. An operator of a motor vehicle may *695 be drunk but not necessarily reckless. Similarly, a person may be reckless and be totally sober. However, a person's sobriety is relevant and probative on the issue of recklessness. Furthermore, the level of any intoxication is probative on the proof of the existence of any recklessness and to what degree.
Under the aggravated assault statutes relevant in this case, the State must prove the causal connection between the reckless conduct and the required injury. This occurs at the time of the purported reckless conduct's causing the injury  at the time of operation. This is the relevant and critical time period for the jury in evaluating any conduct alleged to be reckless. Unlike the per se violation of N.J.S.A. 39:4-50, the focus of the statutes here is at the time of operation and the impact. This is when the jury has to decide whether defendant was reckless. His state of intoxication is probative on the issue of recklessness at that time, rather than when the test was administered.[2] Consequently, extrapolation evidence is necessary to give the jury this necessary and probative evidence. The extrapolation evidence will give the jury the most accurate information of the state of intoxication at the crucial time period, and thus, shed light on the existence and extent of any reckless conduct.
This court holds that extrapolation evidence of the defendant's blood alcohol level at the time of operation is both relevant to, and probative of, whether defendant Oriole acted recklessly, in violation of N.J.S.A. 2C:12-1b(1) and -1c. The State therefore will be permitted to adduce evidence of the extrapolation analysis based on defendant's blood-alcohol readings taken at the hospital, in order to show the level of defendant's blood-alcohol concentration when the collision occurred. *696 At trial, the State may introduce extrapolation evidence on the issue of whether defendant acted recklessly (under circumstances manifesting extreme indifference to human life), as charged in the indictment under N.J.S.A. 2C:12-1b(1) and -1c.
The State should submit the appropriate order.
NOTES
[1] In State v. Downie, the New Jersey Supreme Court recently affirmed the "[in]admissibility of extrapolation evidence to refute the [scientific reliability of] breathalyzer" tests, 117 N.J. 450, 452, 569 A.2d 242 (1990), and summarized "the physiological process triggered by the ingestion of alcohol." Id. at 457, 569 A.2d 242. The process is separated into absorptive and post-absorptive metabolic phases:

The absorptive (pre-peak) phase lasts from the initial ingestion of an alcoholic drink to the point of the peak-alcohol blood level ... followed by the post-absorptive (post-peak) phase, which witnesses a decline in alcohol blood levels. [Id. at 458, 569 A.2d 242]
[2] In this case, the State alleges that defendant was in the post-peak phase of the burn-off process, which is to say that he was even more intoxicated earlier than at the time when the first blood-alcohol level was read, or to put it another way, was more drunk while driving than he was by the time his BAC was tested; the State's extrapolation places defendant's blood-alcohol level at the time of the collision at 0.092%.